# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WARNER BROS. ENTERTAINMENT INC. and
J.K. ROWLING,

                Plaintiffs,

-against-

RDR BOOKS and DOES 1-10,

                Defendants.

Case No.: 07-CV-9667 (RPP)

---

**PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS IN CONNECTION WITH THEIR MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Warner Bros. Entertainment Inc. and J.K. Rowling (collectively, "Plaintiffs") requests that defendant RDR Books produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on November 5, 2007, at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, NY 10036.

**DEFINITIONS**

As used in these Requests:

1.     "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

2. "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in RDR BOOKS' actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

3. "HARRY POTTER LEXICON BOOK" means and refers to the book published by (or to be published by) RDR BOOKS, written or edited by Steve Vander Ark, entitled "The

Harry Potter Lexicon," "The Harry Potter Lexicon: The Definitive Guide to All Things Potter," or "Harry Potter Lexicon."

4. "PERSON[S]" means any or all entities, including but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

5. "RDR BOOKS" means RDR Books and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with RDR Books and any others acting on RDR Books' behalf, pursuant to its authority or subject to its control, including, but not limited to, Roger Rapoport.

6. "REFERRING OR RELATING TO" should be construed in the broadest possible sense to mean concerning, consisting of, referring to, relating to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

7. The singular form includes the plural, and vice versa.

8. The terms "any" and "all" are interchangeable.

9. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

## INSTRUCTIONS

1. RDR BOOKS is instructed to produce all non-privileged DOCUMENTS in RDR BOOKS' possession, custody or control. A document is in RDR BOOKS' "possession, custody, or control" if it is in RDR BOOKS' physical possession, or if, as a practical matter, RDR BOOKS has the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.    If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

3.    Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.    Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.    These Requests impose a continuing obligation subsequent to RDR BOOKS' initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

A copy of the HARRY POTTER LEXICON BOOK, or, if not in final form, a copy of the latest draft of the HARRY POTTER LEXICON BOOK and the draft immediately preceding the latest draft, and its proposed front, back and side covers.

**REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO the advertising and marketing of the LEXICON BOOK, including, but not limited to advertisements, marketing materials and marketing plans used or intended to be used in the connection with the HARRY POTTER LEXICON BOOK and COMMUNICATIONS with any PERSONS referring thereto.

Dated: November 2, 2007          O'MELVENY & MYERS LLP

_____
Dale Cendali

Attorneys for Plaintiffs