# MEMO ENDORSED

## The Law Office of David S. Hammer

110 Greene Street, Suite 1101 ● New York, New York 10012 ● (212) 941-8118 ● (fax) (212) 219-7755

November 8, 2007

By Fax

Honorable Robert P. Patterson
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-08-07
```

Re:   Warner Bros. Entertainment, Inc. et. al. v. RDR Books, 07 Cv. 9667 (RPP)

Dear Judge Patterson.

    I write on behalf of RDR Books ("RDR"), for whom I have today been retained as New York counsel. I do so on the suggestion of your Chambers, with whom the parties engaged in a conference call this morning. I placed this call, and write this letter, to request an adjournment of the briefing schedule presently in place, under which plaintiff's brief on its motion for a preliminary injunction is due today, and RDR's opposition papers due a week from today.

    The reason for my request is simple: my client, RDR Books, is a very small company, operating near Grand Rapids Michigan, with gross sales of a little more than $100,000 per year. RDR does not have Intellectual Property counsel, indeed does not really have any permanent counsel, nor does it have the resources necessary to hire an expert in Intellectual Property law. Indeed, RDR's present plan is to have its briefs composed by the cousin of RDR's owner, a solo practitioner who is not himself an Intellectual Property lawyer, and a man who (though he has some general idea of what RDR does), will need some time to educate himself as to the facts and issues in this particular case.

    For these reasons, we ask for an adjournment of the briefing schedule on plaintiff's preliminary injunction motion until the first week in January – that is, for about 7 weeks. RDR is prepared, of course, to enter into a voluntary freeze order that would be comparable to a preliminary injunction and would be effective for the period of this adjournment. Such an order would insure that plaintiff sustains no prejudice from any adjournment -- other than the fact that it has worked for the last few days to produce a brief that would now be submitted in January. We note, in this regard, that RDR has voluntarily complied with plaintiff's expedited discovery requests, and that an adjournment therefore would give plaintiffs time to make their own review of what RDR actually intends to publish.

My preference would be to come before Your Honor this afternoon to discuss these issues. Failing that, I await the Court's instructions on how to proceed.

Sincerely yours,

*David S. Hammer*

David S. Hammer

cc: Dale M. Cendali
O'Melveney & Myers, LLP

[Handwritten annotation:] is denied

Defendant's application for a seven week delay in answering Plaintiff's motion for a preliminary injunction [without prejudice to counsel for Defendant [before 5 P.M.] and plaintiff appearing this afternoon] with a draft Temporary Restraining order which would be in place during any further briefing of the pending motion.

So ordered.
2:00 PM
11/8/07
[signature] Robert P. Patterson
USDJ