# The Law Office of David S. Hammer

110 Greene Street, Suite 1101 • New York, New York 10012 • (212) 941-8118 • (fax) (212) 219-7755

November 27, 2007

By Fax

Honorable Robert P. Patterson
United States District Court
 Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/07

Conf. 11/30 at 9am.

MEMO ENDORSED

Re:   Warner Bros. Entertainment, Inc. et. al. v. RDR Books, 07 Cv. 9667 (RPP)

Dear Judge Patterson:

I write in response to the letter by plaintiffs' counsel (Dale Cendali, Esq.), opposing defendant's request for a discovery conference. I do so to clarify two points. First, Ms. Cendali's characterization of the November 8, 2007 conference with Your Honor does not coincide with my own. It is true that I brought what I called a draft "freeze order" to that conference, by which I meant no more than an order that would prevent RDR Books from advertising or distributing the Lexicon pending determination of plaintiffs' right to a preliminary injunction. But the purpose of that freeze order was to facilitate future, anticipated proceedings, and to level the playing field a bit by providing RDR Books with more time to prepare. The primary component of preparation meant hiring counsel and familiarizing ourselves with Second Circuit law — a point I made to the Court. But, to my mind, preparation also meant the development of a factual record to assist the court in making determinations on the merit.

Now it is true, as Ms. Cendali states, that my draft TRO provided that "Discovery by both sides shall proceed," and it is also true that Ms. Cendali objected to this clause and that I therefore agreed to delete it from the stipulation.[1] But in deleting the sentence, I was merely agreeing to remove the issue from the voluntary freeze order, not to drop any claim that discovery was necessary to develop my client's case. My understanding was that the issue of discovery would now be governed, not by a voluntary stipulation by the parties, but according to the terms of the Federal Rules of the Civil Procedure and the authority of the Court.

---

[1] It is my own recollection that Ms. Cendali pressed her objections privately, during our negotiations, and stated no reason for them -- instead, merely asserting that she would not agree to the proposed clause. I have no recollection of the colloquy before Your Honor that she recites in her letter; indeed, the quotation she attributes to me: "There is no nefarious motive here. If they do not want discovery, we will take it out" is not language I would ever use, and is not a concession I would ever make.

MICROFILMED NOV 28 2007 -12:00 PM

This point bears emphasis. The stipulation is now *absolutely silent* on the question of discovery. Ms. Cendali somehow interprets that silence as identical to an affirmative and explicit "prohibition" of discovery. If she actually thought I was agreeing to a prohibition, she should have demanded that the stipulation include prohibitory language. She did not — she did not ask that it contain any language addressing discovery. It certainly was not my understanding that the stipulation I was entering contained such an implicit prohibition.

Ms. Cendali's letter makes a second point I need to address. She complains that defendant has announced an intention to change the cover of the Lexicon. This is correct: last week I informed her that RDR Books had decided to change the title to the "*Unauthorized* Harry Potter Lexicon", and to make other changes — such as making the disclaimer more prominent — that would minimize the possibility of any consumer confusion. Defendant's entire purpose in proposing these changes, as I made clear to Ms. Cendali, was to ensure that its product did not possibly infringe Warner Bros.' trademark. To my surprise, Ms. Cendali objected to these changes, objections she again made in her letter to the Court. Those objections do not seem to me well taken. RDR Books, after retaining counsel, has proposed some changes designed to ensure that Ms. Cendali's client sustains no injury. This seems to me precisely what a party, acting in good faith, should do. Ms. Cendali for some reason appears to feel otherwise.

In sum, I repeat my request for a conference at which the Court may set a schedule for limited but legitimate discovery.

Sincerely yours,

*David S. Hammer*

David S. Hammer
Attorney for Defendant
RDR Books

cc:   Dale M. Cendali
      O'Melveney & Myers, LLP

      Attorney for Plaintiffs Warner Bros.
         Entertainment, Inc. and J. K. Rowling

[Handwritten notation: Application granted. A conference to set a schedule for limited discovery will be held on 11/30/07 at 9 AM. So ordered. Robert P. Patterson, USDJ  11/27/07]