USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/08

# The Law Office of David S. Hammer

99 Park Avenue, Suite 1600 • New York, New York 10016 • (212) 941-8118 • (fax) (212) 557-0565

January 25, 2008

By Fax

Honorable Robert P. Patterson
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Re: Warner Bros. Entertainment, Inc. et. al. v. RDR Books, 07 Cv. 9667 (RPP)

Dear Judge Patterson:

I write on behalf of defendant RDR Books. I do so to enlist the Court's help in obtaining certain documents that are important for the correct determination of plaintiffs' motion for a preliminary injunction. The most significant of these documents is the set of notes plaintiff J. K. Rowling states she has compiled in preparation to writing an encyclopedia or "companion guide" to her Harry Potter novels.

Some procedural history may prove useful in considering our request. From the outset of this case, Ms. Rowling has insisted that: (1) she intends to publish a "Harry Potter encyclopedia" or "companion guide" at some unidentified time in the future, and (2) defendant's Lexicon should be suppressed to prevent it from competing with that guide. In order to test the merits of plaintiff's claim, defendant has asked for copies of any preparatory materials that Ms. Rowling has drafted or authorized to be drafted, including notes, outlines, drafts, marketing proposals etc. When plaintiffs indicated they would resist this request, RDR Books asked the Court to convene a discovery conference, which was held before Your Honor on November 30, 2007.

At the November 30th conference, RDR Books argued that, in view of plaintiff's claim that our Lexicon would impair her ability to market a companion guide of her own, we needed to see any materials that she already had composed in contemplation of that guide. This material would permit us (and the Court) to determine, among other things, (1) how far Ms. Rowling had progressed in this project, and (2) how similar, and thus how competitive, Ms. Rowling's guide, and the Lexicon, were likely to be. The Court agreed with this argument, and expressly stated that defendant was entitled to see anything that Ms. Rowling had so far composed or authorized.

At the end of the conference, defendant stated on the record that it would: (1) serve interrogatories, in order to determine precisely what materials had been composed so far, and then (2) serve a document demand for the materials that had been identified. Plaintiffs' counsel,

and the Court, agreed to this protocol. Shortly thereafter, defendants served three interrogatories on plaintiffs, seeking to determine, among other things, what materials "Ms. Rowling has drafted, authorized to be drafted, or received from any of her employees or agents, concerning the Companion Guides." In response, plaintiffs stated that

> Ms. Rowling has made notes relating to each of the seven Harry Potter books which she will use in writing her long-planned Harry Potter compoanion guide. In addition, Scholastic's Harry Potter continuity editor, Cheryl Klein, among others, has indexed the characters, places, creatures, spells and other things from the Harry Potter world which Ms. Rowling created. Ms. Rowling's U.K. publisher, Bloomsbury, has similarly compiled four huge volumes of material constituting a comprehensive "bible" of the Harry Potter world. Ms. Rowling believes the information from Scholastic and Bloomsbury to be more detailed and accurate than any other outside source (other than herself) regarding the Harry Potter series, including the Harry Potter Lexicon Website. Ms. Rowling would be free to draw on the materials from either of her two publishers should she choose to do so. The process of turning her existing notes into the definitive encyclopedic Harry Potter companion guide is ongoing and is being continually augmented with the addition of further material from her creative mind on a regular basis. Ms. Rowling writes quickly and voluminously as it is her passion, having published seven Harry Potter books totaling more than 4,000 pages from 1997 to 2007.

RDR books now submitted a document request, for the materials identified in this paragraph. Yesterday, plaintiffs responded to this document demand. Very simply, they produced absolutely nothing: not Ms. Rowling's own notes or "further material", and not the index and "bible" prepared by her publishers.

This unqualified and barely explained refusal to produce any document of any type is not an adequate response.[1] In the first place, of course, the Court already has ruled that RDR Books

---

[1]Plaintiffs did state, by way of objection, that RDR's request was "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as the status of Ms. Rowling's planned companion guide is irrelevant to the determination of whether Defendant has infringed Plaintiffs' copyrights in the existing Harry Potter works at issue."

This objection is extremely strange. The declaration that Ms. Rowling submitted just last week in support of her motion for a preliminary injunction is largely devoted to the supposed threat defendant's Lexicon poses, not to the existing Harry Potter novels, but to Ms. Rowling's future companion guide. If plaintiffs no longer assert that the Lexicon must be suppressed to protect Ms. Rowling's right to publish a future companion guide, they should make a clear and explicit statement to that effect. Absent such a statement, Ms. Rowling's notes are highly relevant to this case.

2

is entitled to his material. And in the second, plaintiffs last week submitted a portion of those materials – parts of the Cheryl Klein index – as an exhibit to their own motion papers. Their contemplated rule seems to be that the material may be used to support, but not to oppose, their motion for an injunction. This is not a rule we think the Court should follow.

We therefore ask the Court's help in obtaining the materials plaintiffs themselves have identified as the foundation for Ms. Rowling's planned companion guide, including (1) the notes that Ms. Rowling herself made of the seven Harry Potter novels, (2) the "index" prepared by Cheryl Klein of Scholastic of the "characters, places, creatures" etc. in the Potter novels, (3) the "comprehensive bible of the Harry Potter world" that Bloomsbury has "amassed", and the "futher material from [Ms. Rowling's] creative mind", which plaintiffs indicated had somehow been used in "augmenting" the process of creating a companion book.

Finally, in refusing to produce these materials, plaintiffs have cited confidentiality concerns. Defendants are, of course, willing to abide by any "lawyers only" restriction to the review of any materials produced, although we would like permission to have our expert witness (a non-lawyer) take part in any review process.

Sincerely yours,

*David S. Hammer*

David S. Hammer
Attorney for Defendant
RDR Books

cc: Dale M. Cendali
O'Melveny & Myers, LLP

Attorney for Plaintiffs Warner Bros.
Entertainment, Inc. and J. K. Rowling

> Application granted in part.
> Plaintiffs are to provide defendant with copies of the statements contained in the particulars listed in plaintiffs response to Interrogatory 3(a)(i) by February 8, 2008. Defendant has not shown the court that any further discovery about Ms Rowling's notes would be helpful to Defendants position.
> So ordered.
> /s/ Robert P. Patterson USDJ
> 2/1/08

**See attached typed Memo Endorsement**

3

*Warner Bros. Entertainment, Inc. Et. Al. V. RDR Books, 07cv9667(RPP)*

Memo Endorsement reads:
Application granted in part. Plaintiffs are to provide defendant with copies of the statements contained in the publications listed in plaintiffs response to Interrogatory 3(a)(ii) by February 8, 2008. Defendant has not shown the Court that any further discovery about Ms. Rowling's notes would be helpful to Defendant's position.

                              So Ordered.
                              Robert P. Patterson, Jr.   USDJ
                              2/1/08