# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

WARNER BROS. ENTERTAINMENT INC. and
J.K. ROWLING,

        Plaintiffs,

        -against-

RDR BOOKS and DOES 1-10,

        Defendants.

------------------------------------- X

Case No. 07-CV-9667 (RPP)

## PLAINTIFFS' RESPONSES TO RDR BOOKS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Warner Bros. Entertainment Inc. ("Warner Bros.") and J.K. Rowling (collectively "Plaintiffs") submit their objections and responses to Defendant RDR Books ("RDR") First Set of Interrogatories to Plaintiffs as follows:

### GENERAL OBJECTIONS

1. Plaintiffs object to these interrogatories to the extent they seek information protected from discovery by the attorney-client privilege, work-product doctrine, right to privacy, or any other applicable legal, statutory or constitutional privilege.

2. Plaintiffs object to these interrogatories to the extent they seek the disclosure of confidential, proprietary or trade secret information.

3. Plaintiffs object to these interrogatories to the extent that they seek information that Defendant equally may otherwise obtain from public sources or with less burden and expense by using other means of discovery.

4.  Plaintiffs object to Defendant's definitions of "Identify" on the grounds that Defendant's instructions in this regard are overbroad, compound and unduly burdensome.

5.  Plaintiffs object to Defendant's definition of "Companion Guide" as overbroad and compound.

6.  Plaintiffs reserve the right to modify or supplement its responses and objections to the Interrogatories to conform to the results of continuing discovery. Plaintiffs' responses to the interrogatories in no way constitute an admission or acknowledgment by Plaintiffs as to the relevance, materiality or admissibility of any of these issues or the information contained therein, and Plaintiffs expressly reserve their rights to object as such.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify any Documents, including but not limited to notes, outlines, proposals, manuscripts, marketing plans, letters of intent or contracts that Ms. Rowling has drafted, authorized to be drafted, or received from any of her employees or agents, concerning the Companion Guides. In the case of each Document so identified, (a) describe its contents in detail, (b) identify when the Document was composed, (c) where it is presently located, and (d) in whose custody it is held.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiffs incorporate by reference the above-stated general objections as if fully set forth herein. Plaintiffs specifically object to this interrogatory on the grounds that it is vague and ambiguous as it is seeking information concerning "Companion Guides" which may or may not include the previous two companion guides that Ms. Rowling already has published. The interrogatory also is overbroad and unduly burdensome because it does not seek a response to a

specific question but instead apparently requires Plaintiffs to search for, list and describe the contents of numerous documents. The broad scope of the interrogatory, moreover, is improper, particularly in the context of a motion for expedited discovery, which generally only allows for very limited discovery demands. In addition, the interrogatory is distinctly different from the specific questions Defendant indicated it intended to propound at the November 30, 2007 hearing and therefore is not what was anticipated by the parties or Judge Patterson. The interrogatory also violates Rule 33 of the Federal Rules of Civil Procedure, because of its compound nature in seeking the identification of numerous documents that fall into a number of sub-parted categories. Plaintiffs also object to this interrogatory on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks information that is subject to the attorney-client privilege.

Subject to and without waiving the foregoing objections, the final installment of Ms. Rowling's Harry Potter series of books was published on July 21, 2007 and she was touring in support of the book until December 2007. Upon return from her tour, Ms. Rowling took a much needed holiday. Ms. Rowling has made notes relating to each of the seven Harry Potter books which she will use in writing her long-planned Harry Potter companion guide. In addition, Scholastic's Harry Potter continuity editor, Cheryl Klein, among others, has indexed the characters, places, creatures, spells and other things from the Harry Potter world which Ms. Rowling created. Ms. Rowling's U.K. publisher, Bloomsbury, has similarly compiled four huge volumes of material constituting a comprehensive "bible" of the Harry Potter world. Ms. Rowling believes the information from Scholastic and Bloomsbury to be more detailed and accurate than any other outside source (other than herself) regarding the Harry Potter series, including the Harry Potter Lexicon Website. Ms. Rowling would be free to draw on the

materials from either of her two publishers should she choose to do so. The process of turning her existing notes into the definitive encyclopedic Harry Potter companion guide is ongoing and is being continually augmented with the addition of further material from her creative mind on a regular basis. Ms. Rowling writes quickly and voluminously as it is her passion, having published seven Harry Potter books totaling more than 4,000 pages from 1997 to 2007.

**INTERROGATORY NO. 2:**

Identify and describe all Communications concerning a Companion Guide involving: (a) Ms. Rowling, or any person that Ms. Rowling has authorized to act on her behalf, and (b) any other person. In the case of each Communication so identified, (i) describe its content in detail, (ii) identify when the Communication took place, and (iii) identify the parties involved.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference the above-stated general objections as if fully set forth herein. Plaintiffs specifically object to this interrogatory on the grounds that it is overbroad and unduly burdensome because it does not seek a response to a specific question but instead apparently requires Plaintiffs to search for, list and describe the contents of numerous communications. The broad scope of the interrogatory, moreover, is improper, particularly in the context of a motion for expedited discovery, which generally only allows for very limited discovery demands. In addition, the interrogatory is distinctly different from the specific questions Defendant indicated it intended to propound at the November 30, 2007 hearing and therefore is not what was anticipated by the parties or Judge Patterson. The interrogatory also violates Rule 33 of the Federal Rules of Civil Procedure, because of its compound nature in seeking the identification of numerous documents that fall into a number of sub-parted categories. Plaintiffs also object to this interrogatory on the grounds that it seeks documents that

4

are not relevant or reasonably calculated to lead to the discovery of admissible evidence and to the extent it seeks information that is subject to the attorney-client privilege.

Subject to and without waiving the foregoing objections, Ms. Rowling has verbally communicated her plans to write a Harry Potter companion guide to representatives from her literary agency, Christopher Little Literary Agency ("CLLA") on myriad occasions since at least as early as 2000 and these plans have been communicated by CLLA on her behalf to numerous inquiring parties since 2001. CLLA also has communicated with publishers regarding her intent to write such a companion guide although no binding contractual arrangements have been finalized. Ms. Rowling also has made numerous public comments concerning her plans to write her Harry Potter companion guide, commencing at least as early as a December 2001 interview with the BBC in which Ms. Rowling indicated that she had plans to create an "encyclopedia" of Hogwarts at the end of the series, and continuing through to the present time, as indicated in response to Interrogatory No. 3.

**INTERROGATORY NO. 3:**

Defendant has attached to these interrogatories a report from MTV News of a press conference that Ms. Rowling held in Los Angeles on October 15, 2007 (the "MTV News Report"). According to the MTV News Report, Ms. Rowling state at this press conference that:

> fans waiting for yet another chapter in the life and times of Harry Potter may have to wait long, she said. Regarding a long-rumored "Harry Potter Encyclopedia," Rowling told reported that 'It's not coming along, and I haven't started it yet. I never envisioned that as being the next thing I did. I wanted to take a break and a step back and then [do that] in due course.']

a. With respect to the paragraph referred to above, (i) state whether the quotation attributed to Ms. Rowling is accurate, and if the quotation is not accurate, identify any inaccuracies; (ii) describe any further public statements about a Companion Guide, not quoted in

5

the MTV News Report that Ms. Rowling made at the October 15, 2007 news conference, or at any other time since January 1, 2005.

b.   Identify by name, address, phone number and affiliation, the reporters who were present that the October 15, 2007 news conference. If Ms. Rowling has a transcript of any portion of the MTV News Conference, provide the transcript with the answers to these interrogatories.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference the above-stated general objections as if fully set forth herein. The interrogatory also is overbroad and unduly burdensome to the extent it requires Plaintiffs to identify and provide contact details for numerous third parties. The broad scope of the interrogatory, moreover, is improper, particularly in the context of a motion for expedited discovery, which generally only allows for very limited discovery demands. In addition, the interrogatory is distinctly different from the specific questions Defendant indicated it intended to propound at the November 30, 2007 hearing and therefore is not what was anticipated by the parties or Judge Patterson. The interrogatory also violates Rule 33 of the Federal Rules of Civil Procedure, because of its compound nature in seeking the identification of numerous documents that fall into a number of sub-parted categories. Plaintiffs also object to this interrogatory on the grounds that it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence or that are publicly available to Defendant.

Subject to and without waiving the foregoing objections:

With respect to Interrogatory 3 (a)(i): The quote, which was made in response to a reporter's question concerning the status of her long-planned Harry Potter companion guide, is not inaccurate in the sense that Ms. Rowling had not started the process of transforming her

6

notes into a manuscript at the time of the press conference. Ms. Rowling was in the middle of the United States and Canadian leg of her book tour for the final book in the Harry Potter series at the time of the press conference. However, Ms. Rowling has been augmenting her existing notes and also is aware of the resources available to her from Bloomsbury and Scholastic as indicated in Interrogatory Response No. 1. Ms. Rowling's comment concerning "taking a break and a step back" was in anticipation of a much needed vacation upon completion of the book tour in December of 2007, although she nevertheless penned some additional materials that are intended for inclusion in her Harry Potter companion guide;

With respect to Interrogatory 3 (a)(ii) Ms. Rowling has publicly stated on her own website JKRowling.com and in the media on numerous occasions that she planned on writing a Harry Potter companion guide. These statements were picked up by numerous media outlets worldwide beginning at least as early as 2001. While it is burdensome to list each and every article where these statements appear, following is a representative sample of the articles:

| PUBLICATION | DATE |
| --- | --- |
| Bristol Evening Post | December 24, 2001 |
| The Vancouver Province (British Columbia) | December 24, 2001 |
| The Sun Herald (Sydney, Australia) | December 30, 2001 |
| Sunday Mirror | August 1, 2004 |
| United Press International (London) | August 2, 2004 |
| United Press International | August 2, 2004 |
| MX (Melbourne, Australia) | August 3, 2004 |
| Calgary Sun (Alberta, Canada) | August 4, 2004 |
| Pittsburgh Post-Gazette (Pennsylvania) | August 4, 2004 |
| The Times Union (Albany, NY) | August 4, 2004 |
| The Mercury (Australia) | August 5, 2004 |
| Orlando Sentinel (Florida) | August 5, 2004 |
| Daily Star (UK) | August 7, 2005 |
| The Mirror | November 14, 2005 |
| Sunday Express | May 13, 2007 |
| The Sunday Telegraph (London) | May 13, 2007 |
| Hindustan Times, Asian News International | May 14, 2007 |
| The Calgary Herald (Alberta) | May 14, 2007 |

| PUBLICATION | DATE |
|---|---|
| Daily Star (Scottish Edition) | May 14, 2007 |
| Daily Star (UK 1st Edition) | May 14, 2007 |
| Daily Star (Scottish Edition) | May 14, 2007 |
| Daily Star (UK 1st Edition) | May 14, 2007 |
| Evening News (Edinburgh) | May 14, 2007 |
| Hindustan Times | May 14, 2007 |
| The Independent (London) | May 14, 2007 |
| MX (Brisbane) | May 14, 2007 |
| MX (Brisbane) | May 14, 2007 |
| MX (Australia) | May 14, 2007 |
| Ottawa Citizen | May 14, 2007 |
| The Sun (England) | May 14, 2007 |
| Sydney MX (Australia) | May 14, 2007 |
| The Vancouver Sun (British Columbia) | May 14, 2007 |
| The Sunday Telegraph (UK) | May 14, 2007 |
| The Gazette (Montreal) | May 15, 2007 |
| Hindustan Times | May 15, 2007 |
| Fort Worth Star-Telegram (Texas) | May 16, 2007 |
| VNU Business Media, The Bookseller | May 18, 2007 |
| The Globe and Mail (Canada) | May 25, 2007 |
| St. Louis Post-Dispatch (Missouri) | May 27, 2007 |
| Newsday (New York) | July 1, 2007 |
| Newsday (Melville, NY) | July 1, 2007 |
| Sunday Tribune (South Africa) | July 8, 2007 |
| The Daily Telegraph (London) | July 9, 2007 |
| Edmonton Journal (Alberta) | July 9, 2007 |
| National Post (The Financial Post) (Canada) | July 9, 2007 |
| Ottawa Citizen | July 9, 2007 |
| The Vancouver Sun (British Columbia) | July 9, 2007 |
| The Vancouver Sun (British Columbia) | July 9, 2007 |
| Windsor Star (Ontario) | July 9, 2007 |
| The Financial Times, The Statesman (Indiana) | July 12, 2007 |
| Sun-Sentinel (Fort Lauderdale, FL) | July 15, 2007 |
| Daily Press (Newport News, VA) | July 18, 2007 |
| Newstex Web Blogs, CanuckFlack | July 19, 2007 |
| South Bend Tribune (Indiana) | July 19, 2007 |
| Newstex Web Blogs, Gryffindor Gazette | July 25, 2007 |
| Los Angeles Times | July 25, 2007 |
| World Entertainment News Network | July 25, 2007 |
| Asian News International | July 26, 2007 |
| Hindustan Times | July 26, 2007 |
| The Financial Times Limited | July 26, 2007 |
| MSNBC, Countdown | July 26, 2007 |
| Reuters News | July 26, 2007 |

| PUBLICATION | DATE |
|---|---|
| UPI | July 26, 2007 |
| UPI (Edinburgh, Scotland) | July 26, 2007 |
| Evening News (Edinburgh) | July 27, 2007 |
| Reuters News | July 27, 2007 |
| Harvard Crimson (University Wire) | July 27, 2007 |
| The Anniston Star | July 29, 2007 |
| The Gazette (Montreal) | July 29, 2007 |
| Contra Costa Times (California) | July 30, 2007 |
| Newstex Web Blogs, Gryffindor Gazette | July 30, 2007 |
| Contra Costa Times (California) | July 31, 2007 |
| Contra Costa Times (California) | August 2, 2007 |
| The Washington Post (regional edition) | August 2, 2007 |
| VNU Business Media, The Bookseller | August 3, 2007 |
| The Tech (University Wire) | August 6, 2007 |
| Home News Tribune (East Brunswick, NJ) | August 20, 2007 |
| The Capital (Annapolis, MD) | Sept. 24, 2007 |
| Los Angeles Times | October 16, 2007 |
| The Daily Telegraph (Australia) | October 20, 2007 |
| Reuters News | October 23, 2007 |
| Reuters News | October 23, 2007 |
| The Gazette (Montreal) | October 24, 2007 |
| The Ottawa Sun | October 24, 2007 |
| The Toronto Sun | October 24, 2007 |
| The Sunday Telegraph (London) | October 28, 2007 |
| The Sunday Telegraph (UK) | October 28, 2007 |
| People Magazine | December 31, 2007 |

In addition to these outlets, Ms. Rowling has stated in numerous television interviews, including the BBC interview referenced above and a more recent interview on NBC's Today Show which aired on July 25, 2007, that she intended to write a Harry Potter companion guide. Moreover, Ms. Rowling's statements concerning her intention to write a Harry Potter companion guide routinely have been and continue to be reported on fan-based and other websites including but not limited to: (i) Leaky Cauldron website postings dated August 3, 2004 and July 24, 2007 and in an online "PotterCast" interview with Ms. Rowling dated December 18, 2007; (ii) Reading Harry Potter website posting on December 8, 2007; (iii) Harry Potter Reviews website

posting (undated); (iv) Harry Potter's Page posting dated July 24, 2007; (v) Veritaserum website posting dated January 3, 2007; and (vi) No Blasters website posting dated July 26, 2007.

(b) Plaintiffs are not aware of the existence of a transcript of the October 15, 2007 press conference and do not have a list of the attendees.

AS TO OBJECTIONS:

Dated: January 7, 2008

O'MELVENY & MYERS LLP

*[signature]*

Dale M. Cendali
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I, Melanie Bradley, hereby certify under penalty of perjury that on this 7th day of January 2008, I caused a true and correct copy of Plaintiffs' Responses to RDR Books' First Set of Interrogatories to be served by e-mail and first class mail upon:

David S. Hammer
99 Park Avenue - Suite 1600
New York, New York 10016
davyh@aol.com

January 7, 2008
New York, New York

                                    */s/ Melanie Bradley*
                                      Melanie Bradley

NY1:1719101.2