

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | Times Square Tower | NEWPORT BEACH |
| BRUSSELS | 7 Times Square | SAN FRANCISCO |
| CENTURY CITY | New York, New York 10036 | SHANGHAI |
| HONG KONG | TELEPHONE (212) 326-2000 | SILICON VALLEY |
| LONDON | FACSIMILE (212) 326-2061 | TOKYO |
| LOS ANGELES | www.omm.com | WASHINGTON, D.C. |

**MEMO ENDORSED**

March 6, 2008

**VIA FACSIMILE**

Honorable Robert P. Patterson, Jr.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/08

OUR FILE NUMBER
735355-0007

WRITER'S DIRECT DIAL
(212) 326-2051

WRITER'S E-MAIL ADDRESS
dcendali@omm.com

Re: *Warner Bros. Entertainment Inc. et. al. v. RDR Books, 07 CV 9667 (RPP)*

Dear Judge Patterson:

We represent Plaintiffs in the above-referenced matter. We are writing with respect to Your Honor's Order of yesterday, March 5, 2008 directing that a full evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction on March 13, 2008 be held, and that it be consolidated with the trial on the merits in this matter, including the presentation of live witness testimony.

While we certainly understand Your Honor's desire to avoid the duplication of time, effort and expense that would be involved in having the same witnesses appear both at a an evidentiary preliminary injunction hearing and at a subsequent trial, until we received Your Honor's Order, it had been our firm understanding that the March 13th hearing would consist solely of oral argument on the pending motion. All of our discussions with Defendant's counsel, from the time of the initial conference in Chambers at which the current temporary restraining order and the schedule for the pending motion were negotiated, were based on that premise. During that initial conference, I specifically discussed with Defendant's counsel, David Hammer, Esq., when to schedule oral argument on the motion. Mr. Hammer never mentioned any intent to request an evidentiary hearing. Similarly, when Defendant's counsel contacted us on various occasions requesting to postpone aspects of the schedule (each of which we accommodated), it was always in the context of counsel's personal circumstances. At no time was there any mention of witnesses. In fact, until yesterday Defendant had never mentioned any plans to present live witnesses or to request an evidentiary hearing. Consequently, there have been absolutely no discussions between the parties regarding such issues as identifying necessary and appropriate witnesses, witness availability, exchanging exhibit lists, or possible time allocations.

O'MELVENY & MYERS LLP
Honorable Robert P. Patterson, Jr., March 6, 2008 - Page 2

Nor, crucially, has Defendant filed an answer to the Complaint, as the parties agreed to postpone the time for Defendant to answer until 10 days after the hearing on the pending motion. See Stipulation Extending Defendant's Time to Answer, So Ordered as of November 20, 2007. Plaintiffs had intended to use the 10 day period allowed under FRCP 38 to evaluate Defendant's answer and then make a determination as to whether to seek a jury trial in this case, if Defendant had not already done so in its answer. In the event that either party does decide to seek a jury trial, the parties would need time to prepare and exchange the relevant trial materials, including jury instructions. Moreover, we note that Plaintiffs' claim for a declaration that they have not infringed the timeline set forth on the Lexicon Website (which itself was taken from Ms. Rowling's work) is not a subject of the pending motion, has not been addressed in the parties' briefing on that motion, and presumably would need to be severed and tried separately at a later date.

An additional issue concerns the unavailability of certain potential witnesses for a trial on March 13th. Plaintiffs have not yet had a chance to confer with all of the potential third party witnesses and experts as to their schedules, although we do know that at least Professor Johnson is unlikely to be available on such short notice as she is currently teaching at Oxford University and necessarily has obligations to that institution. Further, had Defendant made clear that it intended to request an evidentiary hearing, Plaintiffs would first have attempted to discuss and agree to the scope thereof and certainly would not have agreed to the existing schedule. For example, in addition to Professor Johnson's commitments, some of Plaintiffs' other potential witnesses, including both Ms. Rowling and Neil Blair, are scheduled to be attending an important and long standing hearing in London during the week of March 11th in connection with a case brought by Ms. Rowling and her husband on behalf of their son, David Murray, who is four years old, for infringement of his privacy. The application is set to be heard in the Court of Appeal of The Royal Courts of Justice of England and Wales during the week of March 11th.

Should the Court wish to proceed with some form of consolidated trial/hearing notwithstanding these considerations, Plaintiffs respectfully request that such trial/hearing be adjourned to allow Defendants to submit their answer to the Complaint, to allow Plaintiffs to consider that answer and whether to request a jury trial of this matter, and to permit the parties to meet and confer on the usual trial/hearing procedures and a schedule that would work for the witnesses. Thereafter, the parties court submit a joint pretrial order in the form contemplated by Your Honor's Individual Practices and have a pre-trial conference to work out the logistics for trial. One possible topic for discussion at such a conference might be whether any steps could be taken to mitigate the media circus that could potentially attend such a trial.

Alternatively, should the Court wish to simply decide the pending motion on March 13th following oral argument on the papers, we would be prepared to proceed on the current schedule. We note that, under this Circuit's case law, there is no requirement that an evidentiary hearing be held on a motion for preliminary injunction where, as here, the facts are not in dispute and the central issue is the legal conclusion based on those facts. See Maryland Cas. Co. v. Realty Advisory Bd., 107 F.3d 979, 984 (2d Cir. 1997) (district court is not required to conduct an

evidentiary hearing when the essential facts are not in dispute and the issue to be decided is a matter of legal interpretation).

We appreciate the Court's attention to these matters, and would be happy to discuss them further should the Court decide that a telephonic conference on this matter would be helpful.

Respectfully,

Dale Cendali
of O'MELVENY & MYERS LLP

cc: David Hammer, Esq.

**SEE TYPEWRITTEN MEMO ENDORSEMENT ATTACHED**

Application Denied in Part. When the essential facts are not in dispute the parties should be able to agree to rely on their affidavits and exhibits to be received in evidence and that only certain witnesses need to be examined by the parties. In this case, a trial on the merits will save considerable legal costs to the parties if held on an early date. Nevertheless, the Court would be willing to hear from the parties at a conference today or tomorrow why the Court's views are not practicable.

So ordered
Robert P. Patterson, U.S.D.J.
3/6/08

Case: Warner Bros. Records, et al. v. Does 1-14
Index No. 06 Civ. 0715 (RPP)

**MEMO ENDORSEMENT READS:**

*Application denied in part.*

*When the essential facts are not in dispute, the parties should be able to agree to rely on the affidavits and exhibits to be received in evidence and that only certain witnesses need to be examined by the parties. In this case, a trial on the merits will save considerable legal costs to the parties if held on an early date. Nevertheless, the Court would be willing to hear from the parties at a conference today or tomorrow why the Court's views are not practicable.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 3/6/08*