LAW OFFICES OF
DAVID S. HAMMER (DH – 9957)
Suite 1600
99 Park Avenue
New York, New York 10016
(212) 941-8118

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                        :
WARNER BROS. ENTERTAINMENT, INC., and            :        07 Civ 9667 (RPP)
J.K. ROWLING,                                                     :
                                                                        :
                                    Plaintiffs,                 :
                  - against -                                   :
                                                                        :
RDR BOOKS and DOES 1-10,                             :
                                                                        :
                                    Defendants.              :
                                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## DEFENDANT'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant RDR Books ("Defendant"), by and through its attorney David S.

Hammer, answers and responds to Plaintiffs' First Amended Complaint (the "Amended

Complaint") as follows:

## ANSWER

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.       With respect to the allegations in paragraph 1 of the Amended Complaint,

Defendant admits that Plaintiffs allege claims under the Copyright Act, the Lanham Act,

and New York state law (Civil Rights Law §§ 50-51 and unfair competition under New

York Common Law).  Defendant denies all other allegations in paragraph 1, and asserts

that this case really is about Plaintiffs' effort to suppress Defendant's publication of an

Dockets.Justia.com

original literary reference guide. Defendant denies that its cover design, as revised, misleads consumers or purports to show an endorsement by or approval of Ms. Rowling, since its revised cover design makes no mention of Ms. Rowling. Moreover, although Plaintiffs repeatedly refer to the literary reference guide that Defendant sought to publish as the "Infringing Book", Defendant denies that the book it seeks to publish ("The Lexicon") has infringed any right belonging to either Plaintiff. In this regard, Defendant alleges that this suit has stopped the publication or distribution of The Lexicon, and that, even had the Lexicon been published, it would not infringe any right belonging to either Plaintiff.

2.      Defendant is without knowledge or information sufficient to form a belief as to any of the allegations contained in paragraph 2 of the Amended Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in paragraph 3 of the Amended Complaint, except denies that it was "well aware of Ms. Rowling's intentions", or believed that publishing The Lexicon would violate any right belonging to Ms. Rowling.

4.      Defendant denies the allegations in paragraph 4 of the Amended Complaint that it "rebuffed" Plaintiffs or treated them rudely, and vigorously denies the allegation that it somehow misrepresented the existence of a "family tragedy" for some strategic advantage. Defendant admits that: (1) it negotiated during the period referred to in paragraph 4 with certain foreign publishers, and (2) that Plaintiffs contacted Defendant on several occasions demanding that it enter discussions to suppress The Lexicon. Defendant further admits that it accused Warner Bros. of violating the rights of  Steven

Jan Vander Ark, the Lexicon's author, in a timeline based on the *Harry Potter* Books, but denies that this accusation was "audacious" or in any way a fabrication.

5.    Paragraph 5 of the Amended Complaint consists of over-heated legal argument that does not require a response.  However, Defendant admits in response to the final sentence in Paragraph 5 that certain materials present on the Lexicon Website have not been included in the manuscript of the Lexicon Book.

6.    With respect to the allegations contained in paragraph 6 of the Amended Complaint, Defendant denies that Plaintiffs "had no choice but to file this lawsuit." Defendant admits that Plaintiffs have alleged claims under 17 U.S.C. §§ 101 et seq., 15 U.S.C. § 1114(1). §1125(a)(1)(A), 1125(a)(1)(B), Civil Rights Law of New York §§ 50-51 and unfair competition under the common law of New York.  Defendant denies that Plaintiffs have alleged any claims under deceptive trade practices under § 349 of the General Business Law of New York as there is no count for § 349 of the General Business Law of New York in the Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6.

## PARTIES

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint, except admits that Ms. Rowling is a highly respected world-famous author.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint, except admits that Plaintiff Warner Bros. purports to hold rights in certain trademarks

associated with the *Harry Potter* films, based on records of the United States Patent and Trademark Office.

9.      With respect to the allegations contained in paragraph 9 of the Amended Complaint, Defendant admits that it is a publishing company whose principal place of business is located at 1487 Glen Avenue, Muskegon, Michigan 49441, and denies all other allegations.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

## JURISDICTION AND VENUE

11.     Paragraph 11 of the Amended Complaint consists of legal assertions that do not require a response.

12.     Paragraph 12 of the Amended Complaint consists of legal assertions that do not require a response.

13.     Paragraph 13 of the Amended Complaint consists of legal assertions that do not require a response.

14.     Defendant admits the allegation contained in paragraph 14 of the Amended Complaint that the *Harry Potter* Books are a modern day publishing phenomenon.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

15.     With respect to the allegations contained in paragraphs 15 of the Amended Complaint concerning the contents of the *Harry Potter* Books, Defendant asserts that the contents of those books speak for themselves.

16.     With respect to the allegations contained in paragraph 16 of the Amended Complaint concerning the contents of the Harry Potter Books, Defendant asserts that the content of those books speak for themselves.

17.     Defendant admits the allegations contained in paragraph 17 of the Amended Complaint concerning the publication history of the Harry Potter Books.

18.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, except admits that the Harry Potter Books have been very popular and sold very well.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, except admits that Ms. Rowling has authored and published *Quidditch Through the Ages* and *Fantastic Beasts and Where to Find Them.*

21.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Amended Complaint, except that Defendant is aware that Plaintiff Warner Bros. has released films based on the Harry Potter Books.

22.     Defendant asserts that the allegations contained in the first sentence of paragraph 22 of the Amended Complaint constitute legal contentions for which no response is necessary.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint, except that Defendant is aware that the Harry Potter Books and movies have been successful.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of  the Amended Complaint, except that Defendant admits that it is aware that Steven Jan Vander Ark runs the Lexicon Website, and is further aware that the Lexicon Website contains materials related to the Harry Potter Works.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, which refer to the knowledge and activities of Steve Vander Ark.

29. Defendant admits the allegation contained in paragraph 29 of the Amended Complaint that it was planning to publish The Lexicon at the time the instant suit was commenced and further admits that it had sold the rights to The Lexicon in France and Canada.  Defendant denies the allegation that it sold the rights to The Lexicon in Australia.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint about the knowledge of Ms. Rowling's literary agent.  Defendant denies the allegation that it sold the rights to The Lexicon in Australia and England.   Defendant admits the remaining allegations contained in paragraph 30.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint concerning the state of mind and actions of Ms. Rowling and her agents.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations contained in paragraph 32 of the Amended Complaint concerning the state of mind of Ms. Rowling's literary agent.  With respect to the remaining allegations in paragraph 32, Defendant admits it received an email from Ms. Rowling's agent, and further admits that it did not immediately reply to that email, but asserts that it did not immediately reply because it had been told by Ms. Rowling's agent to expect a call from Ms. Rowling's attorney.  Defendant denies all other allegations..

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations contained in paragraph 33 of the Amended Complaint about the state of mind or behavior of Ms. Rowling's attorney. With respect to the remaining allegations in paragraph 33, Defendant admits that it did not contact Ms. Rowling's agent or her attorneys, but asserts that it did not do so because it had been told to expect a call from Ms. Rowling's attorneys.  With respect to the letter that Plaintiffs' counsel sent Defendant on September 17, 2007, Defendant asserts that the contents of the letter speak for itself.

34.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Amended Complaint, but admits that it corresponded on September 19, 2007 with one of Plaintiffs' representatives.

35.     Defendant admits the allegation contained in paragraph 35 of the Amended Complaint that on October 3, 2007 counsel for Plaintiffs sent him a letter, and further admits informing these representatives that there had been a death in his family. Defendant denies however that paragraph 35 correctly characterizes counsel's letter, which in fact demanded that "RDR Books cease its efforts to publish the Book", and that it identify any parties who had purchased rights to the Book. Defendant denies the remaining allegations in paragraph 35.

36.     With respect to the allegations contained in paragraph 36 of the Amended Complaint, defendant admits that it sent a letter to Plaintiff Warner Bros. on or about October 11, 2007,  in hopes of finding a solution favorable to the parties.  This letter, however, was not a "cease and desist" letter, nor did it claim that Warner Bros. had violated any rights belonging to RDR Books.  Rather, the letter stated that RDR Books was representing Mr. Vander Ark, that Warner Bros. had used Mr. Vander Ark's timeline, and that "you will surely agree it is only fair and just that he (Mr. Vander Ark) receive acknowledgment and tangible rewards for his contribution."  Defendant denies other allegations in paragraph 36 of the Amended Complaint.

37.     With respect to the allegations contained in paragraph 37 of the Amended Complaint, Defendant admits to corresponding with the representative of Plaintiffs, but denies the remaining allegations in the paragraph.

38.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint concerning the fears or concerns of Plaintiffs or Ms. Rowling's agent.  With respect to the remaining allegations, Defendant admits that it sold the rights to The Lexicon in France and Canada in September 2007, and denies all other allegations.  Defendant contends that it has the right to publish an original literary reference guide and Plaintiffs' attempt to suppress publication of The Lexicon violates Defendant's rights.

39.     With respect to the allegations contained in paragraph 40 of the Amended Complaint, Defendant admits that counsel wrote RDR Books on or about October 24, 2007 asking for confirmation that RDR Books would not publish The Lexicon, but denies the remaining allegations in the paragraph.  Defendant has the right to publish an original literary reference guide and Plaintiffs' attempt to suppress publication of The Lexicon violates Defendant's rights.

40.     With respect to the allegations contained in paragraph 40 of the Amended Complaint, Defendant admits the allegations concerning its email to counsel for Ms. Rowling on October 24, 2007, but denies the remaining allegations in the paragraph, and specifically denies that it has created a derivative work.  Defendant has the right to publish an original literary reference guide and Plaintiffs' attempt to suppress publication of The Lexicon violates Defendant's rights.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations contained in paragraph 41 of the Amended Complaint about plaintiffs concerns, but vigorously denies the allegations that it has refused to be "above-board about its intentions and engage in reasonable discussions", or that "it

cannot be trusted.".  Defendant has the right to publish an original literary reference guide and Plaintiffs' attempt to suppress publication of The Lexicon violates Defendant's rights.

42.     Defendant denies the allegation in paragraph 42 of the Amended Complaint that it has been "hypocritical", and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph. Defendant asserts that it has the right to publish an original literary reference guide and Plaintiffs' attempt to suppress publication of The Lexicon violates Defendant's rights.

43.     Defendant denies the allegations in paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Amended Complaint, except admits that it produced a manuscript for The Lexicon in response to the Court's order.

45.     Defendant admits the allegations contained in the first sentence of paragraph 45 of the Amended Complaint, but denies the allegation contained in the second sentence that it has provided no "analysis or commentary".  In fact, The Lexicon is replete with both analysis and commentary, as well as with etymology, reference material, and interpretation.  Defendant admits that the examples listed in paragraph 45 are taken from the Harry Potter Lexicon.

46.     Defendant denies the allegations in paragraph 46 of the Amended Complaint, and specifically denies that The Lexicon contains "lengthy plot summaries, spoilers . . . synopses of the major plots and story lines of the Harry Potter Books" and other materials that together "constitute the 'heart' of the Harry Potter Books.  Defendant

further denies the melodramatic contentions in paragraph 46 that it has infringed any right belonging to Plaintiff Rowling, or sought to "make money off of the back of Ms. Rowling's creativity."

47.     With respect to the allegations contained in paragraph 47 of the Amended Complaint, Defendant denies that the description of The Lexicon Book is accurate.  The current design of the cover of the proposed Lexicon book contains no quote of J.K. Rowling on either the front or the back, nor does it include her name except as part of a disclaimer.  Moreover, the statement that the Lexicon Book previously had included from Plaintiff Rowling, endorsing the Lexicon Website, will not appear anywhere on the cover, or in the text of the Lexicon.  With respect to the remaining allegations in paragraph 47, Defendant admits that The Lexicon contains disclaimers but denies that the disclaimers are inconspicuous.

48.     With respect to the allegations contained in paragraph 48 of the Amended Complaint, Defendant denies that Ms. Rowling's name appears anywhere on the cover of The Lexicon, except in disclaimers.  Defendant denies that Ms. Rowling's name is featured in marketing materials.

### COUNT ONE – COPYRIGHT INFRINGEMENT
**(17 U.S.C. §§ 101 et seq.)**

49.     Defendant hereby incorporates its responses to Paragraphs 1 through 48 above as if fully set forth herein.

50.     Defendant denies the allegations in paragraph 50 of the Amended Complaint.  The Lexicon does not infringe Ms. Rowling's copyrights.  Any alleged use of copyrighted material is lawful based on the doctrine of fair use.  Defendant has the

right to publish an original literary reference guide and Plaintiffs' attempts to suppress publication of The Lexicon violate Defendant's rights.

51.     Defendant denies the allegations in paragraph 51 of the Amended Complaint.  Defendant's Lexicon does not infringe Ms. Rowling's copyrights.  Any alleged use of copyrighted material is lawful use based on the doctrine of fair use as Defendant has the right to use such material for new and transformative purposes, and Defendant's Lexicon is new, original and transformative, presents factual information, and creates substantial public value. Defendant has the right to publish an original literary reference guide and Plaintiffs' attempts to suppress publication of The Lexicon therefore violate Defendant's rights.

52.     The allegations contained in paragraph 52 represent legal conclusions to which no response is required, except that Defendant denies that Plaintiffs are entitled to any damages from any act Defendant has taken so far, or anticipates taking with respect to The Lexicon.

## COUNT TWO – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

53.     Defendant hereby incorporates its responses to Paragraphs 1 through 52 above as if fully set forth herein.

54.     Defendant denies the allegations contained in paragraph 54 of the Amended Complaint.  Defendant has the right to publish an original literary reference guide and Plaintiffs' attempts to suppress publication of The Lexicon violate Defendant's rights.  Defendant further denies that it uses *Harry Potter* as a trademark.  Defendant alleges that it only uses *Harry Potter* to the extent necessary to identify Defendant's Lexicon, and that any alleged use of the mark therefore is lawful based on the doctrine of

fair use. Defendant uses disclaimers and the term "Unofficial" in the title of the Lexicon book, and as disclaimers are a favored way of alleviating any alleged consumer confusion as to source or sponsorship, there is no likelihood of confusion with Plaintiffs' trademarks. Defendant only uses J.K. Rowling's name on the cover of the Lexicon book in the context of its disclaimer and it creates no likelihood of confusion with Plaintiff J.K. Rowling's mark.

55.     The assertions contained in paragraph 55 of the Amended Complaint represent legal conclusions and argument, to which no response is required.

56.     Defendant denies the allegations in paragraph 56 of the Amended Complaint, and specifically denies that its acts have caused injury of any kind to Plaintiffs.

## COUNT THREE – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § )1125(a)(1)(A))

57.     Defendant hereby incorporates its responses to Paragraphs 1 through 56 above as if fully set forth herein.

58.     Defendant denies the allegations in paragraph 58 of the Amended Complaint. Defendant has the right to publish an original literary reference guide and Plaintiffs' attempts to suppress publication of The Lexicon therefore violate Defendant's protected rights. Defendant's proposed Lexicon cover has disclaimers and the term "Unofficial" in its title, and as disclaimers are a favored way of alleviating any alleged consumer confusion as to source or sponsorship, there is no likelihood of confusion with Plaintiffs' trademarks. Defendant does not use *Harry Potter* as a trademark, but rather only to the extent necessary to identify Defendant's Lexicon, and therefore any alleged

use of the mark is lawful based on the doctrine of fair use. Defendant only uses J.K. Rowling's name on the cover of the Lexicon book in the context of its disclaimer and it creates no likelihood of confusion with Plaintiff J.K. Rowling's mark.

59.     The allegations contained in paragraph 59 of the Amended Complaint constitute legal conclusions to which no response is required.

60.     Defendant denies the allegations in paragraph 60 of the Amended Complaint, and specifically denies that any of its actions has caused or threatens to cause any damage to Plaintiffs. Defendant has the right to publish an original literary reference guide, and Plaintiffs' attempts to suppress publication of The Lexicon therefore violate Defendant's protected rights.

## COUNT FOUR – FALSE ADVERTISING

### (15 U.S.C. § )1125(a)(1)(B))

61.     Defendant hereby incorporates its responses to Paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendant denies the allegations contained in paragraph 62 of the Amended Complaint. Defendant has the right to publish an original literary reference guide and Plaintiffs' attempts to suppress publication of The Lexicon therefore violate Defendant's protected rights. Defendant's proposed cover has disclaimers and the term "Unofficial" in its title, and as disclaimers are a favored way of alleviating any alleged consumer confusion as to source or sponsorship, there is no likelihood of confusion with Plaintiffs' trademarks. Defendant does not use *Harry Potter* as a trademark, but rather only to the extent necessary to identify Defendant's Lexicon, and therefore any alleged use of the mark is lawful based on the doctrine of fair use. Defendant only uses J.K.

Rowling's name on the cover of the Lexicon book in the context of its disclaimer and it creates no likelihood of confusion with Plaintiff J.K. Rowling's mark.

63.     Defendant denies the allegations in paragraph 63 of the Amended Complaint.  Defendant has the right to publish an original literary reference guide and Plaintiffs' attempts to suppress publication of The Lexicon violate Defendant's rights. Defendant's proposed Lexicon cover has disclaimers and the term "Unofficial" in its title, and as disclaimers are a favored way of alleviating any alleged consumer confusion as to source or sponsorship, there is no likelihood of confusion with Plaintiffs' trademarks. Defendant does not use *Harry Potter* as a trademark, but rather only to the extent necessary to identify Defendant's Lexicon, and therefore any alleged use of the mark is lawful based on the doctrine of fair use.  Defendant only uses J.K. Rowling's name on the cover of the Lexicon book in the context of its disclaimers and it creates no likelihood of confusion with Plaintiff J.K. Rowling's mark and these allegations in paragraph 63 of the Amended Complaint are moot.

64.     Defendant denies the allegations contained in paragraph 64 of the Amended Complaint that it has damaged Plaintiffs, and further denies that anything it has done threatens Plaintiffs with "immediate and irreparable harm".

## COUNT FIVE – RIGHT OF PRIVACY

### (New York Civil Rights Law §§ 50-51)

65.     Defendant hereby incorporates its responses to Paragraphs 1 through 64 above as if fully set forth herein.

66.     The allegations contained in paragraph 66 of the Amended Complaint constitute legal argument and conclusion, and do not require a response.

67.     Defendant denies the allegations contained in paragraph 67 of the Amended Complaint that it has damaged Plaintiffs, and further denies that anything it has done threatens Plaintiffs with "immediate and irreparable harm."

## COUNT SEVEN – UNFAIR COMPETITION
### (New York General Common Law)

68.     Defendant hereby incorporates its responses to Paragraphs 1 through 67 above as if fully set forth herein.

69.     Defendant denies the allegations in paragraph 69 of the Amended Complaint.  Defendant specifically denies that the cover or marketing materials are deceptive.  Defendant has the right to publish an original literary reference guide and Plaintiffs' attempts to suppression publication of The Lexicon therefore violate Defendant's protected rights.  Defendant's proposed Lexicon cover has a disclaimer and the term "Unofficial" in its title, and as disclaimers are a favored way of alleviating any alleged consumer confusion as to source or sponsorship, there is no likelihood of confusion with Plaintiffs' trademarks.  Defendant does not use *Harry Potter* as a trademark, but rather only to the extent necessary to identify Defendant's Lexicon, and therefore any alleged use of the mark is lawful based on the doctrine of fair use. Defendant only uses J.K. Rowling's name on the cover of the Lexicon book in the context of its disclaimer and it creates no likelihood of confusion with Plaintiff J.K. Rowling's mark and these allegations in paragraph 69 of the Amended Complaint are moot.  The quote of J.K. Rowling on the back cover of the Lexicon book has been removed from the cover and Defendant has confirmed it will not be included anywhere in the printed Lexicon, and therefore these allegations in paragraph 69 of the Amended

Complaint are moot. Defendant specifically denies any unfair competition in that Defendant never published The Lexicon nor released it into any market.

70. Defendant denies the allegations in paragraph 70 of the Amended Complaint, and contends that Plaintiffs lack any basis for alleging damages since Defendant never released or published its Lexicon and no members of the public ever purchased The Lexicon. With respect to actual damages, Defendant asserts that no members of the public (consumers) have been actually confused and no sales have been diverted from Plaintiffs, as The Lexicon has never been published or sold. Defendant further alleges that The Lexicon would not compete either with the Harry Potter Books or the Harry Potter films, and notes that Plaintiffs have not even alleged otherwise. Defendant denies that Plaintiffs have any basis for alleging actual damages with respect to a lexicon or encyclopedia by Ms. Rowling, and note that Ms. Rowling has not released any lexicon or encyclopedia concerning the Harry Potter Books.

## COUNT EIGHT – DECLARATORY JUDGMENT

## REGARDING COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 101 et seq.)

71. Defendant hereby incorporates its responses to Paragraphs 1 through 70 above as if fully set forth herein.

72. Defendant denies the allegations in paragraph 72 of the Amended Complaint and reasserts to this Court its withdrawal of any allegations that Plaintiffs may have infringed any rights of Defendant in the timeline.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations in paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations in paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations in paragraph 76 of the Amended Complaint.

77.     Defendant denies the allegations in paragraph 77 of the Amended Complaint.

78.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Amended Complaint , and notes that it has withdrawn any possible allegations, express or implied, that Warner Bros. has violated Defendant's copyright in the timeline.

79.     All allegations of the Amended Complaint not specifically admitted or denied above are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

80.     Plaintiffs have failed to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel/Laches/Waiver)

81.     Plaintiffs' claims are barred in whole or part under principles of equity, including laches, waiver, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

82.     Plaintiffs' claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Fair Use - Copyright)

83.     Defendant's alleged use of the *Harry Potter* Works is lawful and constitutes fair use pursuant to 17 U.S.C. § 107.

### FIFTH AFFIRMATIVE DEFENSE
### (Fair Use - Trademark)

84.     Defendant's alleged use of *Harry Potter* is lawful based on the doctrine of fair use as Defendant does not use the mark as a trademark, but only as much as is reasonably necessary to identify Defendant's Lexicon.

### SIXTH AFFIRMATIVE DEFENSE
### (First Amendment)

85.     Plaintiffs' claims are barred by the First Amendment's guarantees of free speech.

## SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

86.     Plaintiffs' claims are barred because Plaintiffs acquiesced, ratified or consented to Defendant's alleged actions alleged use of Plaintiffs' marks in its acquiescence to the *Harry Potter* Lexicon website.

## EIGHTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

87.     Plaintiffs' claims for copyright infringement are barred by the doctrine of copyright misuse.

## NINTH AFFIRMATIVE DEFENSE
### (Standing)

88.     Plaintiffs' claims for trademark infringement, false designation of origin, false advertising, unfair competition and alleged deceptive trade practices are barred because Plaintiffs lack standing to prosecute these claims against Defendant.  Defendant and Plaintiffs were not in competition at the time of the alleged violation and Defendant did not release its book or sell a product.

## TENTH AFFIRMATIVE DEFENSE
### (Disclaimer)

89.     Plaintiffs' claims for trademark infringement, false designation of origin, false advertising, unfair competition and deceptive trade practices are barred because an injunction is improper where an explanation or disclaimer will suffice.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

90.     Plaintiffs' claims are barred because Plaintiffs suffered no legally cognizable damages as a result of any act or omission by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

94.     Plaintiff has failed to mitigate its purported damages and recovery of any

such damages, if any, must be reduced accordingly.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Non-Willfulness)

95.     Defendant's actions were innocent and non-willful.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Profits)

96.     Defendant has not reaped any profits attributable to any alleged

infringements.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Further Affirmative Defenses)

97.     Defendant reserves the right to plead additional defenses as they become

known during investigation and/or course of this case.

Dated:          March 11, 2008
                New York, New York

                                        Respectfully submitted,


                                        _____/s_____
                                        David S. Hammer (DH 9957)
                                        99 Park Avenue
                                        Suite 1600
                                        New York, New York 10016

Anthony Falzone, Esq.
Liz Hasse, Esq.
Julie Ahrens, Esq.

  -of counsel -

                                        Attorneys for Defendant RDR Books