RECEIVED
MAR 28 2008
CHAMBERS OF
JUDGE ROBERT P. PATTERSON

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/28/08

# O

## O'MELVENY & MYERS LLP

| | Times Square Tower | |
|---|---|---|
| BRUSSELS | 7 Times Square | NEWPORT BEACH |
| CENTURY CITY | New York, New York 10036 | SAN FRANCISCO |
| HONG KONG | | SHANGHAI |
| LONDON | TELEPHONE (212) 326-2000 | SILICON VALLEY |
| LOS ANGELES | FACSIMILE (212) 326-2061 | TOKYO |
| | www.omm.com | WASHINGTON, D.C. |

March 28, 2008

OUR FILE NUMBER
735355-0007

**VIA FACSIMILE**

WRITER'S DIRECT DIAL
(212) 326-2051

Honorable Robert P. Patterson, Jr.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

WRITER'S E-MAIL ADDRESS
dcendali@omm.com

**MEMO ENDORSED**

Re: *Warner Bros. Entertainment Inc. et. al. v. RDR Books, 07 CV 9667 (RPP)*

Dear Judge Patterson:

We represent plaintiffs Warner Bros. Entertainment Inc. and J.K. Rowling ("Plaintiffs") in the above-referenced matter. We write jointly on behalf of both Plaintiffs and defendant RDR Books ("RDR") seeking Your Honor's guidance regarding a number of procedural issues in connection with the upcoming trial in this matter.

First, Your Honor had directed the parties to exchange their witness lists on April 4th and to submit a joint pre-trial order to the Court on April 7th. Your Honor's Individual Practices indicate that the joint pre-trial order should, among other things, identify the witnesses and exhibits the parties anticipate offering at trial and provide a brief summary of the parties' claims and/or defense that remain to be tried, without recital of evidentiary matter. See Individual Practices at Section 3(A)(iv, viii, x). In light of this, and considering the extensive briefing that the parties have submitted in connection with the pending motion for preliminary injunction, the parties respectfully suggest that it may be possible to dispense with the pretrial memoranda referenced in Section 3(B)(iv) of Your Honor's Individual Practices.

[handwritten endorsement: application granted so ordered RPP USDJ 3/28/08]

Second, Your Honor's Individual Practices require that in non-jury cases the parties each submit, 15 days prior to trial, any motions *in limine*. Here, because of the expedited timing of this case, applying the time limits specified in Your Honor's Individual Practices would result in motions *in limine* being due on Monday, March 31, 2008, before the joint pre-trial order has been submitted. It may well be, however, that some such motions might be obviated once the joint pre-trial order is filed. In order to avoid burdening either the Court or the parties with unnecessary motion practice concerning issues that may not actually be in dispute, the parties

O'MELVENY & MYERS LLP
Honorable Robert P. Patterson, Jr., March 28, 2008 - Page 2

respectfully suggest that the Court allow the parties to submit any motions *in limine* on April 9th, two days after the joint pre-trial order is filed. The parties also respectfully request that the Court schedule a time on Friday, April 11th for argument on such motions or alternatively, advise the parties whether Your Honor would prefer to decide any such motions on the papers, given the expedited trial schedule.

Third, Your Honor's Individual Practices also require, in non-jury cases, that the parties each submit, 15 days prior to trial, a statement of claims and defenses including factual support. Here, because of the expedited timing of this case, applying the time limits specified in Your Honor's Individual Practices would result in these statements being due on Monday, March 31, 2008, also before the joint pre-trial order has been submitted. The parties respectfully suggest that it may be more efficient to have the statements due on April 7th, together with the joint pre-trial order.

Fourth, in light of the fact that the parties have stipulated that the declarations and exhibits submitted in connection with the pending motion are admitted, the parties would also appreciate Your Honor's guidance with respect to whether the use of Powerpoint or other visual presentations, exhibits and/or demonstratives in opening statements is permitted.

Finally, there may be a need to reference various books during the trial. In this regard, the parties were wondering whether it would be sufficient to have a single copy of a given book for use with a witness, with color copies available for counsel and the Court, or whether Your Honor would prefer that the party seeking to use a book have multiple copies available, and if so how many.

We note that David Hammer, Esq., counsel for RDR Books, joins in this submission. The parties appreciate the Court's attention to these matters.

Respectfully,

Dale Cendali
*of* O'MELVENY & MYERS LLP

cc: David Hammer, Esq.