USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
WARNER BROS. ENTERTAINMENT, INC. : 07 Civ 9667 (RPP)
J.K. ROWLING, :
:
   - against - :
:
RDR BOOKS, AND DOES 1-10 :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATED PROTECTIVE ORDER

1.    This Protective Order shall apply to all information, documents and things subject to discovery in this action which are conveyed by any party or third party (hereinafter termed the "conveying party") to another party (hereinafter termed the "receiving party") in this action, including, without limitation, all portions of transcripts, exhibits, answers to interrogatories, documents, or things, including any excerpt, index, description, copy, summary or abstract thereof (hereafter "discovery materials"), which are believed to contain trade secrets or other confidential or commercially sensitive information of the conveying party (hereafter "CONFIDENTIAL MATERIALS"), and/or which were received by the conveying party, from a third party, under an obligation of confidentiality. It is expressly contemplated and agreed that third party witnesses may invoke all provisions of this Protective Order which are available to a conveying party, and that the parties will treat all CONFIDENTIAL MATERIALS of third party witnesses, which information is designated in writing by the conveying party as such, in accordance with the terms of this Protective Order. The term CONFIDENTIAL MATERIALS as used herein is intended to be generic, and specific documents and things containing

1

CONFIDENTIAL MATERIALS may be designated "CONFIDENTIAL." Notwithstanding the foregoing, documents which are public records shall not be considered to be CONFIDENTIAL MATERIALS.

2. Each conveying party shall designate and mark documents and things produced by it and answers to interrogatories and responses to other discovery demands deemed as CONFIDENTIAL MATERIALS as "CONFIDENTIAL" as appropriate.

3. Making documents and things available for inspection shall not constitute a waiver by the conveying party of any claim of confidentiality, but delivery of documents and things to the receiving party without the identification specified in paragraph 2 shall constitute a waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the conveying party and such inadvertent or mistaken delivery is thereafter, within ten (10) days of delivery of the document or thing, brought to the attention of the receiving party. Upon such notice, and upon receipt of properly marked documents or things, the receiving party shall return said unmarked documents and things and not retain copies, summaries or notes thereof and shall treat information contained in said documents or things and any summaries or notes thereof as CONFIDENTIAL MATERIALS.

4. (a) Information designated as CONFIDENTIAL shall be made available only to and inspected only by:

- (i) the Parties to this action;
- (ii) their counsel and employees of their counsel (such as paralegals, legal assistants and outside vendors hired by counsel) ("Counsel"),
- (iii) actual or potential witnesses in this litigation, and their counsel, during

the course of or, to the extent necessary, in preparation for testimony in the litigation ("Fact Witnesses");

 (iv) outside individuals designated as expert witnesses and/or consulting experts ("Persons Assisting Counsel"); and

 (v) The Court and its personnel, including any court reporters.

For purposes of this Stipulation and Order, the term "Parties" shall be construed to include only those employees of the Parties reasonably necessary to conduct this litigation.

 (b) Before disclosing CONFIDENTIAL MATERIALS to Fact Witnesses or Persons Assisting Counsel as defined above, Counsel shall first (i) give a copy of this Stipulated Protective Order to such person(s), who shall execute an undertaking, in the form attached hereto as Exhibit A. The party disclosing CONFIDENTIAL MATERIALS shall keep the original Exhibit A signed by each person to whom disclosure has been made and shall make copies available to the producing party upon request (provided, however, that, no Exhibit(s) A revealing the name(s) of the disclosing party's consulting expert(s) need be revealed).

5. Outside counsel shall keep in their files the originals of all signed undertakings prepared in accordance with this Stipulated Protective Order.

6. (a) Copies of CONFIDENTIAL MATERIALS designated CONFIDENTIAL, and their contents, shall not be disclosed or made public by counsel or authorized persons to whom they are disclosed, unless they become part of the public record of this action other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other than this Court and the persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order.

(b) Unless otherwise agreed to by the parties, CONFIDENTIAL MATERIALS shall not be used by the receiving party for any purpose other than for use in this action.

(c) Nothing in this Protective Order shall prohibit the confidential disclosure of any CONFIDENTIAL MATERIALS to comply with an order of a United States court in an action involving the same subject matter as the present action wherein the order specifically directs the disclosure of such CONFIDENTIAL MATERIALS. Prior to any such disclosure pursuant to a court order, the party required by the court order to disclose the CONFIDENTIAL MATERIALS will provide ten (10) days notice to the party who produced the CONFIDENTIAL MATERIALS and will identify and provide copies of the CONFIDENTIAL MATERIALS to the party who produced such materials.

(d) To the extent it is necessary to file CONFIDENTIAL MATERIALS with the Court in connection with proceedings in this action, they shall be filed with the Clerk of Court in sealed envelopes prominently marked with the caption of the case, the title of the document being filed, and the notation:

"DOCUMENTS UNDER SEAL"

> This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor the contents thereof to be displayed or revealed except by stipulation of the parties or by order of this Court.

7. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL'S designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Moreover, the acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such

4

are, in fact, confidential. A party objecting to the designation of documents or material as "CONFIDENTIAL shall provide ten (10) days written notice of the objection to the producing party by both (a) facsimile or electronic mail; and (b) first class mail. The notice shall state with specificity the documents or materials objected to. If the parties are unable to reach an accord as to the proper designation of the material, the party challenging the designation may seek appropriate relief from the Court. If such a motion is made, the moving party shall have the burden of demonstrating the need for changing such designation and that the material does not qualify for its particular designation. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated CONFIDENTIAL shall be treated as such until the Court rules that such material should not be treated as Confidential.

8.   Nothing in this Protective Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or of material the disclosure of which might constitute a breach of an agreement with a third party, so long as the withheld materials are properly identified in a list of privileged and withheld documents by the conveying party as required by the Federal Rules of Civil Procedure. This Protective Order shall not preclude any party from moving the Court for an order directing the disclosure of such material. Nothing in this Protective Order shall require the disclosure of material not discoverable under the Federal Rules of Civil Procedure.

9.   CONFIDENTIAL MATERIALS may be used in motion papers, in testimony at trial, or at any motion hearing, and may be offered in evidence at trial or at any motion hearing,

all specifically subject to paragraphs 4 and 6 hereof and to any further order regarding confidentiality as this Court may enter, and may be used to prepare for discovery or to conduct discovery, including the disclosure to a witness at trial who is an author or copy recipient of a document containing CONFIDENTIAL MATERIALS, or who is an employee or representative of the party providing the CONFIDENTIAL MATERIALS, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order. To the extent CONFIDENTIAL MATERIALS are used at trial or in any other public proceeding, notwithstanding paragraph 6 hereof, such use shall not be deemed a violation of this Protective Order and the producing party shall not be entitled to ask that the Courtroom be cleared of individuals other than those specified in paragraph 4 hereof, provided that any such CONFIDENTIAL MATERIALS that are shown to the Court or to a witness and/or entered into evidence shall be filed under seal, and no copies of such CONFIDENTIAL MATERIALS shall be provided to any individuals other than those specified in paragraph 4 hereof.

10. This Protective Order shall not prevent either of the parties or any third party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any third party believed to be violating their rights.

11. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS shall not apply to any information which (a) is already public knowledge; (b) becomes public knowledge other than as a result of disclosure by the receiving party; (c) was

already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation; or (d) has come or shall come into the receiving party's legitimate possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of any CONFIDENTIAL MATERIALS if said person already has legitimate possession thereof, without restrictions.

12. Regardless of the provisions of paragraph 11, any document produced as containing CONFIDENTIAL MATERIALS shall be treated as confidential unless the confidentiality designation is removed in accordance with the other provisions of this Protective Order.

13. Within 15 days after final termination of this action, each receiving party shall return all documents produced by the other party as CONFIDENTIAL MATERIALS in its possession, custody or control and all copies, portions, words, substances, summaries, abstracts or indices thereof to counsel for the conveying party and shall certify in writing compliance with this paragraph. Where such CONFIDENTIAL MATERIALS are mixed with the work-product of counsel, such material shall be removed if possible and returned to the conveying party. If such CONFIDENTIAL MATERIALS are inseparable from the work-product of counsel, then counsel shall destroy those portions of counsel's work product having CONFIDENTIAL MATERIALS and certify to counsel for the conveying party, within 15 days after final termination, either through a mutually agreed settlement or by reason of a final judgment from

which no appeal my be taken, of the action, that such destruction has taken place.

14. This Protective Order shall survive the final termination of this action with respect to any retained CONFIDENTIAL MATERIALS.

15. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on CONFIDENTIAL MATERIALS; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not specifically or generally disclose any item or information designated as CONFIDENTIAL MATERIALS to persons other than those permitted to receive such information pursuant to paragraph 4.

Consented to:

Dated: New York, New York
Apr. -March 1, 2008

*Dale Cendali*
Dale Margaret Cendali
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

Counsel for Plaintiffs
Warner Bros. Entertainment, Inc.
and J.K. Rowling

*David S. Hammer*
David S. Hammer
99 Park Avenue
Suite 1600
New York, New York 10016

Counsel for Defendant
RDR Books

So Ordered: *Robert P. Patterson*
United States District Judge
4/4/08

This stipulation binds the parties to treat as confidential the documents so classified. The Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review. Moreover, the Court does **not** so order paragraph 9, which purports to authorize the parties to file documents under seal without prior court order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
                                   :
WARNER BROS. ENTERTAINMENT, INC.   :   07 Civ 9667 (RPP)
J.K. ROWLING,                      :
                                   :
     - against -                   :
                                   :
RDR BOOKS, AND DOES 1-10           :
                                   :
---------------------------------- x

## UNDERTAKING OF


STATE OF _____ )
                          )  ss.
COUNTY OF _____)


I, _____, being duly sworn, state that:

1. My address is _____.

   My present employer is _____.

   My present occupation is _____.

2. I have received a copy of the Stipulated Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any CONFIDENTIAL MATERIALS which are disclosed to me.

9

4. Within 7 days of being requested to do so by counsel for either party, I will return all CONFIDENTIAL MATERIALS which have come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained including, without limitation, all copies, summaries, or portions thereof, and will delete all reference thereto, if any, from any data base or any electronic storage media in any form.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
(signature)

Sworn and subscribed to
before me this _____ day
of _____, 200__.