UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
WARNER BROS. ENTERTAINMENT, INC. and         :
J.K. ROWLING,                                :    Case No. 07 Civ. 9667 (RPP)
                    Plaintiffs,         :
    - against -                          :
RDR BOOKS and DOES 1-10                      :
                    Defendants          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

Defendant's Pre-Trial Statement

      Pursuant to Judge Patterson's Individual Practices 3.B.ii., Defendant RDR Books submits this statement of the elements of each claim or defense involving it, together with a summary of the facts relied upon to establish each element.

Copyright Infringement

      In order to establish a claim for copyright infringement, Plaintiffs must show (1) ownership of a valid copyright and (2) Defendant's infringement by unauthorized copying. To prove actionable copying, Plaintiffs must first show that their works were actually copied. Upon showing actual copying, Plaintiffs must then show that the copying amounts to an improper or unlawful appropriation by demonstrating that Defendant's work is substantially similar to Plaintiffs' protectable expression. Any determination regarding substantial similarity of two works requires comparison not only of their individual elements in isolation, but must also consider the works as a whole.

      The parties do not dispute that Plaintiffs own valid copyrights in the Harry Potter books and movies. Nor do the parties dispute that the authors of the Lexicon had access to Plaintiffs' works, and relied on Plaintiffs' works, among many resources, when creating the Lexicon. But Plaintiffs cannot prove substantial similarity. While the Lexicon draws a significant amount of factual information from the Harry Potter books, it copies only minimal amounts of protected expression and sufficiently transforms Plaintiffs' works such that it is not substantially similar to the original works. Plaintiffs cannot demonstrate substantial similarity under the traditional "ordinary observer" or "total concept and feel" tests or under the quantitative/qualitative test.

1

dockets.Justia.com

Fair Use

The fair use of a copyrighted work is not an infringement of copyright. In assessing fair use, the Court must determine whether copyright's goal of promoting the progress of the sciences and useful arts is better served by allowing the allegedly infringing use rather than preventing it. In making this determination, the Court is guided by the following four, non-exclusive statutory factors: (1) purpose and character of the use; (2) nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

1. Purpose and Character of the Use

    The focus of the analysis is the transformative nature of the accused work. A work is transformative when it adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message.

    In weighing the first factor, the Court must also consider whether the secondary use is of a commercial nature. But because most fair uses are undertaken for profit, the Court should not give much weight to the fact that the secondary use was for commercial gain. Where, as here, the secondary work is highly transformative, its commercial nature should receive even less weight.

    To establish that this factor weighs in its favor, Defendant relies upon the testimony of its expert witness, Janet Sorensen, that the Lexicon is a valuable reference tool that helps readers to better access, understand, and enjoy the Harry Potter works. As such, the Lexicon has several significant, transformative functions that add value, insights and understanding to the original works, including:

    (i) organizational value (the Lexicon organizes, synthesizes and discusses a mass of information in the form of a reference volume that makes it easier for readers to locate, access, and understand information that is spread across many disparate sources);

    (ii) original commentary and analysis (the Lexicon contains insightful discussions of key characters, it also decodes the meaning of many geographical and historical references, folklore and literary allusions, and provides etymologies of invented terms and names, as well as translates cross-cultural references used in the Harry Potter series); and

    (iii) additional research and new information (the Lexicon incorporates additional research and new information about the characters and things that appear in the Harry Potter works from outside sources including Ms. Rowling's interviews, newsletters, webcasts and speeches).

2. Nature of the Copyrighted Work

   The second fair use factor focuses on the nature of the copyrighted work. This factor is of limited usefulness where a creative work is used for a transformative purpose. As established by Janet Sorensen, the Harry Potter works have been used to create a valuable reference tool that serves significant transformative purposes, which makes the second factor of limited weight in this case.

3. Amount and Substantiality of the Portion Used

   The third fair use factor requires the Court to assess the amount and substantiality of the portion used in relation to the copyrighted works as a whole. The central question here is whether the extent of the copying is reasonable in light of its purpose. Depending on the purpose, use of a substantial portion of a work—or even the whole thing—may be permissible.

   Defendant relies upon the testimony of its expert witness, Janet Sorensen, as well as the testimony of the Lexicon's author, Steven Vander Ark to establish that the Lexicon takes no more than is necessary to its purpose. The purpose of the Lexicon is to create a reference guide by collecting, organizing, and presenting factual information. While the information in the Lexicon is drawn from myriad sources, creation of a useful and comprehensive reference guide requires significant borrowing of information from the Harry Potter works as well. The Lexicon does not borrow the overarching plot sequence or story arc of the Harry Potter works, or the prose, pace, setting or dramatic structure of the story these works tell.

4. Market Effect

   The fourth factor is the effect of the use upon the potential market for or value of the copyrighted work. This factor requires a balancing of the benefit the public will derive if the use is permitted versus the personal gain the copyright owner will receive if the use is denied.

   Defendant will prove this factor weighs in its favor by demonstrating that the Lexicon has both a substantial public benefit and causes no cognizable market harm to Plaintiffs. The testimony of Janet Sorensen, Steven Vander Ark, as well as admissions by Plaintiffs, demonstrates that the Lexicon creates substantial public value. In addition, Defendant relies on the expert opinion of Bruce Harris that the publication of the Lexicon will have no discernable effect on the market for Ms. Rowling's planned encyclopedia. Evidence of Plaintiffs' own actions in response to the Lexicon website will further disprove any possible market harm.

<u>Copyright Misuse</u>

Copyright misuse forbids the use of copyright to secure an exclusive right or limited monopoly not granted by the copyright laws.

Copyright misuse is an affirmative defense that a defendant can establish by demonstrating that the plaintiff has attempted to extend copyright protection beyond its appropriate scope, whether in the plaintiff's dealings with the defendant or any other persons or entities.

A defendant in a copyright infringement suit need not prove an antitrust violation to prevail on a copyright misuse defense. It applies to any use violative of the public policy embodied in the grant of a copyright.

Defendant RDR asserts copyright misuse as a defense to Plaintiffs' infringement claim. The evidence Defendant relies on to establish misuse is testimony and documents from Plaintiffs which demonstrate that Plaintiffs have a policy of alleging copyright infringement against any author or publisher who writes/publishes, or even expresses a desire to write or publish, an encyclopedia or other companion guides covering the Harry Potter works. This evidence includes correspondence regarding Plaintiffs' attempts to suppress the work of the following authors, among others:

> Connie Ann Kirk, J.K. Rowling Encyclopedia
> Emerson Spartz
> Fionna Boyle, A Muggle's Guide to Wizarding
> Elizabeth Shafer, Beacham's Sourcebooks for Teaching Young Adult
>     Fiction: Exploring Harry Potter

By suppressing or attempting to suppress these books, Plaintiffs exaggerate the reach of their copyright and deny authors' fair use rights in order to unlawfully extend their monopoly beyond that granted by the Copyright Act.

Dated: April 7, 2008

By: _____/s/_____
David Saul Hammer (DH 9957)
Law Office of David Saul Hammer
99 Park Avenue, Suite 1600
New York, NY 10016
Telephone: (212)-941-8118
Facsimile: (212) 557-0565

Anthony T. Falzone (*pro hac vice*)
Julie A. Ahrens (JA 0372)
Lawrence Lessig
STANFORD LAW SCHOOL
CENTER FOR INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:(650) 736-9050

Facsimile: (650) 723-4426

Lizbeth Hasse (*pro hac vice*)
Creative Industry Law Group, LLP
526 Columbus Avenue, 2nd Floor
San Francisco, CA 94133
Telephone: (415) 433-4380
Facsimile: (415) 433-6580
Robert Handelsman
77 W. Washington Street
Suite 1717
Chicago, IL 60602

Attorneys for Defendant
RDR BOOKS