UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WARNER BROS. ENTERTAINMENT, INC. and                  :

J.K. ROWLING,                                                              :   Case No. 07 Civ. 9667 (RPP)

                       Plaintiffs,                                 :

      -  against -                                                       :

RDR BOOKS and DOES 1-10                                        :

                       Defendants                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>Defendant's Motion To Exclude Plaintiffs' Exhibits 41, 43-48, 49 and 235</u>

Defendants RDR Books LLC ("RDR") moves *in limine* to exclude approximately 900 pages of charts (the "New Material") comparing selected portions of the Lexicon with excerpts from the Harry Potter books, other publications over which Ms. Rowling asserts copyrights, and even publications not identified in the complaint, and over which Ms. Rowling apparently has no copyrights.[1]

<u>Late Production of the Charts</u>

Plaintiffs first produced the New Materials on April 9, 2008, five days before trial in this case was scheduled to commence. Moreover, they did so only because this Court entered an order, on April 8, 2008, requiring its immediate production. Until that order was entered, plaintiffs had taken the position that the New Material would first be disclosed on Friday April 12, 2008 – 3 days before trial. Plaintiffs justified withholding

---

[1] The parties have agreed that hard copies of the exhibits will be produced to the Court tomorrow morning.

1

this material on the ground that it constituted simple demonstratives, exhibits whose production could be deferred until the eve of testimony.

The 900 pages of New Material are not simple demonstratives. They represent new exhibits, comprising hundreds of pages of summaries never seen before, which, in turn, reflect new opinions and analyses by plaintiff's expert, Dr. Jeri Johnson. Dr. Johnson, who has already submitted two declarations in this case, has not submitted a supplementary declaration providing a foundation for the New Materials. Yet such a supplementary declaration would seem essential, since Dr. Johnson's previous declarations lack any hint of explanation of the analysis and conclusions plaintiffs now seek to introduce. In short, the new material represents expert opinion without foundation. It also represents surprise of the worst kind, surprise that prevents defendant from testing the veracity and soundness of the analysis and the resulting opinions offered in the charts, or from rebutting them through testimony by defendant's own experts. The new material, if introduced, would make it extremely difficult for defendant to fairly try this case. For that reason, it should be excluded.

Argument

1. Plaintiffs' Exhibits 41, 43 - 48 and 49 Should Be Excluded Because They Are Untimely Summaries of Expert Opinions

Under ordinary circumstances, parties are required to designate in advance all opinions its experts intend to provide, along with "any exhibits that will be used to summarize or support them." Fed. R. Civ. Proc. 26(a)(2)(B)(iii). Because of expedited discovery in the proceeding, the declarations presented by each expert witness, and the exhibits attached, served the purpose of the Rule 26 disclosure requirement. The

preparation of additional exhibits of extraordinary volume, asserting additional opinions and conclusions, concerning matters known to have been at issue from the beginning of the case, and the withholding of the exhibits until the last possible moment before trial, violate the letter and spirit of Rule 26, and create undeniable prejudice to RDR.

The purpose of Rule 26 is to prevent the practice of "sandbagging" an opposing party with new evidence. The Court has the authority to exclude materials not timely produced even where there is no rigid deadline for production. *See Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 20 (1st Cir. 2001). Accordingly, the Court should exclude Exhibits 41, 43-46, 48 and 49 produced just before trial from evidence. *See* Fed. R. Civ. Proc. 37(c)(1) (party who fails to disclose information as required by Rule 26(a) "is not allowed to use that information . . . at a trial . . . unless the failure was substantially justified or harmless"); *Wilson*, 250 F.3d at 20 (exclusion of late-disclosed exhibit prepared by plaintiff's expert affirmed where "sweeping and argumentative content of the disputed videotapes would have compromised [defendants'] pretrial preparations and that the supplementation came too late to be 'seasonable.'"). Plaintiffs provide no justification for their late production.

Plaintiffs' Exhibit 49 is by far most voluminous of these exhibits. It appears to be a copy of the entire Lexicon highlighted in various colors that correspond to certain categories, running to 750 pages. It is unclear who created the categories, or decided what text fits into what category. The ostensible purpose of the exhibit seems to be to show the proportion of the Lexicon comprised of what somebody concludes to be "facetious remarks" and other categories, contrasted to information drawn from the Harry Potter Books. It appears that Exhibit 41a and 41b purport to be summaries of Exhibit 49,

3

supposedly depicting the frequency with which Lexicon entries fall into each category. These two charts clearly involve new data – word counts and categorization – that plaintiffs never revealed before now and the import of which is unexplained.

While plaintiffs do not explicitly identify the person who created these exhibits, Exhibit 41 refers to the "Johnson Markup." Consequently, Exhibits 41 and 49 appear to present new additional opinions from plaintiffs' expert Jeri Johnson regarding classifications of the information contained in the Lexicon. As indicated, however, none of the analyses contained in 41 and 49 was contained in Dr. Johnson's two previous declarations. This clearly violates the disclosure requirements of Rule 26, as well as basic principles of fair play.

Plaintiffs' Exhibits 43 through 48 appear to be charts that compare entries from the Lexicon to excerpts from other publications written by J.K. Rowling. These include Quidditch Through the Ages (Ex. 43), Fantastic Beasts and Where to Find Them (Ex. 44), Famous Wizard Cards (Ex. 45), the Daily Prophet (Ex. 46) and the seven Harry Potter Books (Exs. 47-48). Again, these charts offer expert opinion and analysis that is not supported or described in expert declarations previously submitted.

The late production of hundreds of pages of charts, which offers no indication of their source or methodology used, leaves RDR unable to adequately test the soundness of the methodology, the accuracy of the results or to rebut the opinions offered. There is no excuse for waiting until the eve of trial to produce this additional material. In the First Amended Complaint, plaintiffs allege that Ms. Rowling owns the copyrights in Quidditch Through the Ages, Fantastic Beasts and Where to Find Them, and the Harry Potter

books, and that the Lexicon infringes these copyrights. *See* First Amended Complaint ¶ 22. Plaintiffs' experts Jeri Johnson and Diana Birchall submitted extensive charts in support of plaintiffs' motion for preliminary injunction, and these charts compare entries from the Lexicon to excerpts from the Harry Potter works. Had plaintiffs wished to provide other charts or to attempt a different analysis of the material, there is no reason they could not have done so and disclosed them in a timely fashion, as these comparisons concern material that has been part of the case from the beginning.

2. Plaintiffs' Exhibits 45, 46, and 235 Are Based on Works Not at Issue in this Lawsuit and Should Be Excluded

Exhibits 45 and 46 present an additional problem. These charts make comparisons between the Lexicon and writings by Ms. Rowling for certain companion materials with which she was associated, including "Famous Wizard Cards" and "The Daily Prophet." However, Plaintiffs' First Amended Complaint does not allege that Ms. Rowling owns, or has registered, any copyrights in the Famous Wizard Cards, or the Daily Prophet. Nor has any evidence been provided that she holds such copyrights. Accordingly, the infringement of these works is not at issue in this case. Indeed, it appears Rowling has no registered copyrights in either work. Thus, the Court would lack jurisdiction over any infringement claim regarding these works even if plaintiffs had pleaded one. *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36, 37 n.6 (S.D.N.Y. 1992) (a properly pleaded copyright infringement claim must allege which specific original works are the subject of the copyright claim, that plaintiff owns the copyrights in those works, and that the copyrights have been registered in accordance with the statute; the Court lacks jurisdiction over infringement claims where complaint fails to allege proper statutory registration of the copyrights in question). Any evidence concerning copying of

these works is irrelevant, and Exhibits 45 and 46 should be excluded on that ground as well.

Finally, Plaintiffs' Exhibit 235 purports to summarize the contents of a book called the Joy of Trek, which was at issue in *Paramount Pictures Corp. v. Carol Publishing Group*, 11 F. Supp. 2d 329 (S.D.N.Y. 1998). That book, of course, is not at issue in this case. Neither the contents of that book, nor the asserted summary of them (again a summary offered by an undisclosed witness, unsupported by the documents and declarations previously disclosed) have any apparent evidentiary value in this case.

Conclusion

Plaintiffs offer no justification for the late production of hundreds of pages of exhibits that purport to offer new, untested and unsupported expert opinions and analyses beyond the scope of any expert reports or analyses previously provided. Given the volume and subject of the charts Plaintiffs produced on the eve of trial, RDR will undoubtedly be prejudiced if the Court permits their introduction. RDR therefore respectfully requests that the Court exclude Plaintiffs' Exhibits 41, 43 through 48, 49, and 235.

Dated: April 10, 2008    By: _____/s/_____
David Saul Hammer (DH 9957)
Law Office of David Saul Hammer
99 Park Avenue, Suite 1600
New York, NY 10016
Telephone: (212)-941-8118
Facsimile: (212) 557-0565

Anthony T. Falzone (*pro hac vice*)
Julie A. Ahrens (JA 0372)
Lawrence Lessig
STANFORD LAW SCHOOL

6

CENTER FOR INTERNET AND SOCIETY
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:(650) 736-9050
Facsimile: (650) 723-4426

Lizbeth Hasse (*pro hac vice*)
Creative Industry Law Group, LLP
526 Columbus Avenue, 2nd Floor
San Francisco, CA 94133
Telephone: (415) 433-4380
Facsimile: (415) 433-6580

Attorneys for Defendant
RDR BOOKS