UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WARNER BROS. ENTERTAINMENT, INC. and
J.K. ROWLING,

           Plaintiffs,

-against-

RDR BOOKS and DOES 1-10,

           Defendants.

Case No.: 07-CV-9667 (RPP)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXHIBITS 41, 43-49, and 235

Plaintiffs Warner Bros. Entertainment and Ms. J.K. Rowling (collectively, "Plaintiffs") submit this memorandum of law in opposition Defendant RDR Books' ("Defendant" or "RDR") motion *in limine* to exclude nine of Plaintiffs' exhibits, Nos. 41, 43-49, and 235 (collectively, the "Exhibits"). The nine Exhibits that Defendant points to are not only crucial to Plaintiffs' presentation of their case in chief, but they also serve to assist the Court in understanding the nature of the material at issue and promote the interests of judicial economy. The Federal Rules clearly provide for exactly the type of evidence that Plaintiffs plan to introduce. Plaintiffs' Exhibit Nos. 41, 43-49, and 235 are not only admissible but also necessary as they will serve to streamline the presentation of the evidence and assist the Court in comprehending the voluminous amount of materials that are at issue. For these reasons, Defendant's motion should be denied in its entirety.

Dockets.Justia.com

## I. Exhibit Nos. 41, 43-49, And 235 Are Admissible Under Rule 1006 Of The Federal Rules Of Evidence

Under Rule 1006, the "content of voluminous writings, recordings, or photographs which cannot conveniently be examined in court" may be "presented in the form of a chart, summary or calculation," provided that originals or duplicates of the underlying material are available to the other party at a "reasonable time and place." Fed. R. Evid. 1006. In addition, the underlying documents must constitute admissible evidence. *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 53 (2d Cir. 1993).

Defendant challenges the following exhibits:

Exhibit 41: This exhibit contains a pie and bar chart demonstrating the word count totals of, among other things, the amount of Ms. Rowling's original material that is contained within the *Lexicon*.[1]

Exhibit 43: This exhibit contains a chart comparing the text of Ms. Rowling's Companion Book, *Quidditch Through the Ages*, to the text of the *Lexicon*.

Exhibit 44: This exhibit contains a chart comparing the text of Ms. Rowling's Companion Book, *Fantastic Beasts*, to the text of the *Lexicon*.

Exhibit 45: This exhibit contains a chart comparing the text of Ms. Rowling's EA Wizard Cards to the text of the *Lexicon*.

Exhibit 46: This exhibit contains a chart comparing the text of Ms. Rowling's Daily Prophet newsletter to the text of the *Lexicon*.

Exhibit 47: This exhibit compares the text of Ms. Rowling's *Harry Potter* books to the text of the *Lexicon*.

---

[1] Exhibit No. 41 is attached to this Memorandum as Exhibit A. The remainder of the Exhibits will be lodged with the Court at tomorrow's hearing.

Exhibit 48: This exhibit compares the text of Ms. Rowling's *Harry Potter* books to the text of the *Lexicon*.

Exhibit 49: This exhibit consists of an annotated *Lexicon* manuscript.

Exhibit 235: This exhibit contains a chart summarizing the content of the book *The Joy of Trek*, which is the subject of *Paramount Pictures Corp. v. Carol Publ'g Group*, 11 F. Supp. 2d 329 (S.D.N.Y. 1998).

As discussed below, each of the Exhibits meets the requirements for admissibility under Rule 1006.

### a. The Materials At Issue Are "Voluminous."

These Exhibits fall squarely within Rule 1006 and therefore are admissible. First, they will assist the Court in digesting the *voluminous* amount of material that lies at the heart of this case. That material includes the works on which the Defendant's *Lexicon* is based—the seven *Harry Potter* books, the two Companion Guides, the Daily Prophet and the Famous Wizard Cards—as well as the 400+ page *Lexicon* book itself. *See U.S. v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999) (finding summary evidence of 1,365 asylum applications admissible under Rule 1006). These thousands of pages of material could not be easily or efficiently presented in Court without the use of summary evidence such as the Exhibits. *See Fagliola v. Nat'l Gypsum Co.*, 906 F.2d 53, 56-57 (2d Cir. 1990) (finding that summary of "several boxes of documents" admissible under Rule 1006 as it was "used to facilitate the jury's deliberations and to avoid forcing the jury to examine boxes of documents in order to make simple calculations").

### b. The Underlying Materials Are Admissible.

The Exhibits plainly meet the requirements of Rule 1006 as there is no dispute that the underlying evidence, including the *Lexicon*, the *Harry Potter* books and the *Harry Potter*

3

Companion Guides, are admissible evidence. Indeed, these materials appear on Defendant's own exhibit list. The Famous Wizard Cards and the Daily Prophet are also admissible and relevant as they are referred to in paragraph 14 of Mr. Vander Ark's declaration and are cited by Mr. Vander Ark as the source of some of the content of the *Lexicon* itself. (Declaration of Steven Vander Ark, dated February 7, 2008, ¶ 14.)

### c. Defendant Has Had Access To The Underlying Materials For A "Reasonable Time."

Courts are clear that in evaluating whether the party was provided with a "reasonable time," the relevant consideration is how much time that party had to review the <u>underlying documents</u> as opposed to the summary exhibits themselves. *See Coates v. Johnson & Johnson*, 756 F.2d 524, 550 (7th Cir. 1985) (stating that "only the underlying documents, and not the summaries, must be made available to the opposing party so as to give them a reasonable time to respond"). The Second Circuit in fact has held that the production of materials underlying the summary evidence just one week before trial was sufficient to satisfy Rule 1006's "reasonable time" requirement. *Valjean Mfg. Inc. v. Gruber*, 2007 U.S. App. LEXIS 20475, *4-5 (2d Cir. 2007). Here, the underlying documents have been available to Defendant possession since before to the start of this litigation as these are the materials that Mr. Vander Ask admittedly used to create the *Lexicon*. Moreover, even with regard to the Exhibits themselves, Plaintiffs listed the Exhibits on their Exhibit List dated April 4, 2008. Even though the parties had agreed that demonstratives did not need to be exchanged until April 11, 2008, when defense counsel requested to see them earlier, Plaintiffs agreed and delivered the Exhibits to defense counsel the morning of April 9, 2008 shortly after they were completed. Defendant's team of four trial counsel is fully capable of reviewing these Exhibits before trial as all they do is summarize evidence that will be admitted by stipulation. In addition, these Exhibits were the subject of

4

testimony via the declarations. Defendant also has the advantage of having at its disposal Mr. Vander Ark, the *Lexicon* author, who has made clear through his declaration that he is intimately familiar with these materials.

### d. Plaintiffs' Exhibits Are Accurate.

Plaintiffs' Exhibits also represent an accurate summary of the materials at issue in this case. Exhibit Nos. 43-48 simply compare text from Ms. Rowling's materials to text of the *Lexicon*. All of the material that is so compared has been quoted verbatim, without any alteration or modification. All these Exhibits do is provide the Court with excerpts from the thousands of pages of material contained in the *Harry Potter* books and the *Lexicon*, making those materials easier to work with.

\* \* \*

Because the Exhibits are each admissible under Rule 1006, Defendant's motion should be denied and Plaintiffs should be permitted to use the Exhibits at trial.

## II. Plaintiffs' Exhibits Are Admissible As The Basis For Expert Opinion

Because several of the Exhibits will be introduced through expert testimony, they clearly are admissible under Rule 703 of the Federal Rules of Evidence. Under that rule, the facts or data on which an expert bases his or her opinions may be admitted, even where such facts or data are themselves inadmissible. Fed. R. Evid. 703. Summary evidence may be deemed admissible for the purpose of explaining the basis for the expert witness' opinion. *See SEC v. Price Waterhouse*, 797 F. Supp. 1217, 1220 n.8 (S.D.N.Y. 1992) (stating that the court would consider a report admissible for the "limited purpose of explaining the basis for the opinion of the SEC's expert witness who relied on it").

Here, Plaintiffs' expert, Dr. Jeri Johnson, in both her initial and supplemental

5

declarations, clearly states that she reviewed and analyzed the *Lexicon* manuscript, enabling her to reach conclusions such as "out of the 2,437 entries, 2,034 entries simply lift information straight out of the Harry Potter Books." (Supplementary Declaration of Jeri Johnson, dated February 26, 2008, ¶ 6.) Dr. Johnson goes on to analyze the other *Lexicon* entries that contain jokes, inaccurate etymologies and flints. The Exhibits simply demonstrate how Dr. Johnson arrived at her conclusions, and also aid in the presentation of her testimony to the Court. Thus, the Court should admit Plaintiffs' Exhibits.

## III. Plaintiffs' Exhibits Constitute Classic Demonstrative Evidence

Plaintiffs' Exhibits serve the quintessential purpose of summary evidence—to illuminate the record and assist the Court in understanding the issues of the case. Thus, at the very least, Plaintiffs' Exhibits should be admitted as demonstratives which summarize Plaintiffs' own case. Fed. R. Evid. 611(a); *see Verizon Directories Corp. v. Yellow Book USA, Inc.*, 331 F. Supp. 2d 136, 139 (E.D.N.Y. 2004) (Weinstein, J.) ("Pedagogical devices or demonstratives have long been recognized in the form of summaries, charts and other aids used by parties 'to organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence.'")

Plaintiffs' Exhibits deal with matters that have already been raised in the declarations submitted by the parties, and simply aid in the presentation of testimony. *See U.S. v. Pinto*, 850 F.2d 927, 935-36 (2d Cir. 1988) (summary charts deemed helpful in the presentation of the evidence). Now that the parties are no longer seeking a preliminary injunction, and instead are proceeding with a trial on the merits, such demonstrative evidence is necessary in order to enable the parties to fully highlight the issues that are before the Court. For this reason, the Exhibits should be admitted.

### IV. The Admission Of Plaintiffs' Exhibits Would Not Prejudice Defendant, While The Exclusion Of These Exhibits Would Injure Plaintiffs' Ability To Present Their Case

Plaintiffs would be unduly prejudiced if the Court were to exclude the Exhibits. To establish their claim of copyright infringement, Plaintiffs have the burden of showing that the *Lexicon* is substantially similar to Ms. Rowling's protected works. It is impossible to imagine another way of illustrating how the works are similar without being able to compare respective, voluminous works in some condensed form. *See Fournier v. Erikson*, 242 F. Supp. 2d 318, (S.D.N.Y. 2003) (finding that defendant's summary evidence demonstrated the distinction between "expression" and "ideas" and therefore was relevant to the issue of copyright infringement).

Moreover, in his declaration, Mr. Vander Ark testified that particular entries from the *Lexicon* do not constitute paraphrasing. (Declaration of Steven Vander Ark, dated February 7, 2008, ¶ 44(c)(1)). In order to rebut Mr. Vander Ark's statement and demonstrate that the *Lexicon* does in fact employ extensive paraphrasing, Plaintiffs must be able to compare the *Lexicon* to Ms. Rowling's works. Certainly, the Court does not wish to hear the parties simply recite the various books in their entirety. Thus, it is in the Court's interests to permit summary evidence.

Nor would Defendant be prejudiced by the admission of the Exhibits as they simply summarize in a straightforward manner material that has been in Defendant's possession for months. Given its familiarity with the underlying materials, Defendant has had sufficient time to review these Exhibits and prepare cross examination.

### V. Basic Equity Dictates That Plaintiffs' Exhibits Be Admitted Given Defendant's Own Belated Disclosure Of Its New Expert

Finally, in addition to all of the foregoing reasons, basic principles of fairness and equity dictate that Defendant's motion should be denied as Defendant itself only belatedly submitted a declaration from a new, previously undisclosed "expert" witness, Mr. Bruce Harris, last Friday, April 4, 2008.

Although Defendant has known of Plaintiff's witness, Suzanne Murphy, Vice President and Publisher, Trade Publishing and Marketing, at Scholastic Inc., since Plaintiffs submitted their opening brief and supporting declarations on January 15, 2008, Defendant chose not to submit any declarations in opposition to Ms. Murphy's testimony when it submitted its opposition papers. Instead, Defendant waited until little more than a week before trial to submit Mr. Harris's declaration, leaving Plaintiffs little time to prepare to cross examine an unanticipated witness who will be raising new evidence at trial. In light of Defendant's conduct in this regard, it should not be heard to complain about the Exhibits, which are plainly admissible under the Federal Rules of Evidence and do no more than summarize materials that have long been in Defendant's possession.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court admit the Exhibits so that both parties may present a full and fair record to the Court.

Dated: April 10, 2008

Respectfully submitted:

Daniel N. Shallman (CA Bar No. 180782)
*Pro Hac Vice* Admission Pending
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
dshallman@omm.com

# EXHIBIT A

**Raw Values**

| | |
|---|---|
| Rowling Material: | 146641 words |
| Citations to Ms. Rowling's Statements: | 2639 words |
| Citations to Third-Party Sources: | 149 words |
| Etymologies: | 1933 words |
| Other Unattributed Third-Party Text: | 154 words |
| Common Knowledge/Real Word Facts | 1688 words |
| Facetious Remarks: | 1098 words |
| "Flints": | 13 words |
| Other Non-Rowling Material: | 6110 words |
| Total Lexicon Word Count: | 160416 words |



